The plaintiff moved to dismiss because the transcript on appeal was not docketed seven days before the call of the docket of the district to which it belongs. This motion was denied, for, though the record was not then docketed as required, the appellee did not move to dismiss at that time, but delayed to make his motion till the call of the district was begun, at which time the case had been docketed. The appellee being in laches himself, the appellant could docket his case at any time at this term, if before the appellee moved to dismiss. Benedict v. Jones, 131 N.C. 473;Laney v. Mackey, 144 N.C. 630.
The case thus being docketed, though too late for hearing at this term, a motion to dismiss for failure to print the record and file printed brief cannot avail, as these things are required to be done at the time required before the call for hearing at the next term.
The appellee further moves, however, to affirm because there is (215) no case settled on appeal, and the appellant moves for a certiorari
to have the case settled. The facts are that the case was tried at May Term, 1912, of Catawba, which adjourned on 15 May, 1912. By consent, thirty days was allowed the appellant to serve case on appeal, which was afterwards extended by consent ten days longer. This time expired 4 July. The appellant did not attempt to serve case on appeal till 6 July, when the appellee's counsel accepted service, reserving, however, his objection that the time had expired. The judge when appealed to properly refused to settle the case, upon that ground. The time in which the "case on appeal" must be served is fixed by statute, and the court cannot extend it. Cozart v. Assurance Co., 142 N.C. 522, and cases cited. When a different time is substituted by the agreement of the parties, the court cannot extend that time. Ib. The appellant shows no action on the part of the appellee which caused him to delay serving his case on appeal within the stipulated time. Nor is there any exception in appellant's case on appeal which would justify a new trial. Upon examination of the record proper, we find no error, and the judgment below must be
Affirmed. *Page 175