R. W. McLEAN et al. v. D. A. McDONALD et al.

(Filed 24 April, 1918.)

1. **Appeal and Error—Motions—Docket and Dismiss—Appellee's Laches.**

Where the appellant has failed to docket his appeal as required by Rule 5 of the Supreme Court, the right of the appellee to dismiss under Rule 17 must be exercised before the appellant has complied with the rule, and if appellee's motion is made thereafter his right to dismiss at that term is barred by his own laches.

2. **Same—Printing—Record—Briefs.**

Where the appellee has lost his right to docket and dismiss the appellant's case at the first term of the Supreme Court next ensuing that of the trial, and the appeal goes over to the next term of the Court, a motion by appellee at this term to dismiss for failure to print the record or file printed briefs is premature.

3. **Appeal and Error—Motions—Docket and Dismiss—Appellee's Laches— Assignment of Error.**

Where an appeal goes over to the next term of the Supreme Court for failure of appellee to docket and move to dismiss it in time, a motion to dismiss for appellant's failure to comply with Rule 19 (2) in not properly grouping and numbering his assignments of error, is premature.

APPEAL by plaintiffs from *Long, J.,* at September Term, 1917, of MOORE.

*Plaintiffs not represented in this Court.*
*H. F. Seawell for defendants.*

CLARK, C. J. The appellee moves to dismiss the appeal upon the following grounds:

1. That the transcript was not docketed "seven days before entering upon the call of the docket of the district to which it belongs," as required by Rules 5, 7, and 17 of this Court.

2. "The assignments of error are not grouped and separately numbered, immediately before or after the signature to the case on appeal, or elsewhere in the transcript, as required by Rule 19 (2)."

3. The appellant failed to "file brief by 12 o'clock, noon, on Tuesday of the week preceding the call of the district to which the cause belongs," as required by Rule 34.

This case was tried at September Term, 1917, of Moore, and if not docketed at our last term (as it might have been), it was required under the rule to be docketed at this term, being the first term of this Court beginning after the trial below. Rules 5 and 17 require that, in order to be heard at this term, the appeal must be docketed "seven days before entering upon the call of the docket of the district to which it belongs." Rule 17 provides that if not docketed by that time at this term the appellee may file a certificate in the form required by that rule, and have the appeal dismissed. But there is the further provision in Rule 5 : "If not so docketed, the case shall be continued or dismissed under Rule 17, if the appellee files a proper certificate prior to the docketing of the transcript."

In *Triplett v. Foster,* 113 N. C., 389, it is held, "A motion to docket and dismiss an appeal made at the first term after the trial below will not be entertained when the appellant brings up and dockets his transcript at that term before the motion to dismiss." This case itself cites precedents and the citations thereto are set out in the Annotated Edition. The authorities to this effect are reviewed and reaffirmed in *Benedict v. Jones,* 131 N. C., 473, and cases cited thereto in the Annotated Edition. In that case it is said : "Of course if the appeal is not docketed till after the termination of the next ensuing term (after the trial), it will be dismissed. *Burrell v. Hughes,* 120 N. C., 277 ; *S. v. James,* 108 N. C., 792. The laches of the appellee in not moving to dismiss under Rule 17, as soon as he might, will not authorize the appellant to docket after that term." The motion of the appellee to dismiss under Rule 17 must, therefore, be denied. It was the appellee's fault that he did not docket and move to dismiss under Rule 17 before the appellant docketed the transcript at this term. *Gupton v. Sledge,* 161 N. C., 214, citing *Benedict v. Jones,* 131 N. C., 473, and *Laney v. Mackey,* 144 N. C., 630.

In *Gupton v. Sledge,* the Court says : "The case thus being docketed, though too late for hearing at this term, a motion to dismiss for failure to print the record and file printed brief cannot avail, as these things are required to be done at the time required before the call for hearing at the next term." This disposes of the third ground of the appellee's motion to dismiss.

For the same reason we cannot now consider the other ground of his motion that "the assignments of error are not grouped and separately numbered in the transcript on appeal in accordance with Rule 19 (2)." That is a matter which will come up when the case is regularly reached for argument. At present it is continued under Rule 5, and is not before

us. It may be that if there is a defect to this effect, the appellant may take steps to cure the same by a *certiorari* or otherwise before the case is reached for argument at next term.

Motion denied.