W. F. ROGERS v. CITY OF ASHEVILLE.

(Filed 14 December, 1921.)

**1. Appeal and Error—Case—Agreement of Counsel—Writing—Rules of Court.**

Where a case on appeal to the Supreme Court has not been settled in conformity with the procedure in such matters, any agreement for extension of time claimed by the appellant must be in writing and signed, as required by Rule 39, 174 N. C., 838.

**2. Same—Laches—Stenographer's Notes—Certiorari—Motions.**

Where the appellant has failed to file his case on appeal within the time allowed, and files his motion for *certiorari* on the ground that the stenographer at the trial could not transcribe her notes in time owing to her other duties as court stenographer, the reason given is no excuse in law, for the stenographic notes are not indispensable to the settlement of the case.

**3. Appeal and Error—Docketing Case—Motion to Dismiss—Record Proper.**

Where the case has been docketed in the Supreme Court within the time required, and appellant has moved for a *certiorari*, to which he is not entitled, the case will not be dismissed, but the judgment below will be affirmed if there is no error appearing upon the face of the record as docketed.

PETITION by appellant (defendant) for *certiorari* and motion by plaintiff to dismiss appeal, or affirm the judgment.

*Jones, Williams & Jones and Wells & Swain for plaintiff.*
*George Pennell and J. W. Haynes for defendant.*

CLARK, C. J. This is a petition for *certiorari* by the defendant, appellant, upon the following state of facts: The case was tried at April Term, 1921, of BUNCOMBE. Verdict on the issues against the defendant, and judgment. By consent, 45 days were allowed the defendant in which to state and serve case on appeal, and plaintiff 45 days thereafter to serve countercase or exceptions. Subsequently, the plaintiff extended the time for the defendant to serve his case 30 days, making 75 days in all on the expiration of which time the appellant did not have his case ready for service, and the appellee, plaintiff, not agreeing to extend the time further, the appellant docketed the record proper here on 7 November, and when the case was reached asked for a *certiorari*. The appellee, on the other hand, moved to dismiss the appeal or to affirm the judgment upon the record proper.

It is very desirable that cases on appeal should be made up as promptly as possible after the case is tried, while the facts are fresh in the minds

of the parties, and there is less probability of a difference in recollection as to what occurred.   Under the former practice, before the adoption of the C. C. P., every case on appeal was settled by the trial judge, but the framers of the Code of Civil Procedure, mindful that Magna Carta had placed a "delay of justice" in the same category with "a denial of justice" against which litigants should be equally guaranteed, provided that "cases on appeal" should be settled by the parties or counsel, and the judge called in only in case of disagreement, thus materially expediting the hearing of appeals by relieving the judge of settling them in many cases, and also fixed 5 days after the adjournment of court as the time in which the appellant must serve his case, and 3 days later for service of countercase or exceptions.

The statute later extended this to 10 days, and still more recently the appellant has been given 15 days to serve the case on appeal, and the appellee 10 days to serve the countercase.   It is more than doubtful if this concession to delay was desirable, and has not been productive of much abuse.   This Court, recognizing that there might be instances in which a longer time might be necessary, has held valid written agreements of counsel for an extension of time and a more recent statute has permitted the judge, for the first time, to intervene by giving an extension of time to settle the case on appeal when counsel cannot agree on this.   This would seem to be the limit to which it would be advisable to extend indulgence in the time for settling cases on appeal.

In this case, by consent, 75 days were allowed, and the only excuse given for the case not being served within that time is that the stenographer was busy in court and could not transcribe her notes within the 75 days.   The appellee shows, on the contrary, that for more than half of that 75 days there was no term of court in session during which the stenographer was required in court at all, and further, that even during the time in which court was in session there were many days during which the stenographer's services were not required.   But, however that might be, the stenographer's notes are not the compelling and supreme authority as to what transpired during the trial.   The judge in charging the jury, always tells them that their recollection, and not that of the court itself, must govern them as to what was the testimony of the witnesses.   And in settling the cases on appeal the first authority is that of counsel themselves in agreeing as to what occurred at the trial as to the evidence, as to the charge, and otherwise, and when they do not agree the judge must settle what really occurred.

Efforts have been made heretofore to make the stenographer's notes of higher authority than the agreement of counsel, or even the statement of facts as settled by the judge.   But on the very first occasion when this view was advanced the Court held, in *Cressler v. Asheville,* 138

N. C., 485, that when the parties cannot agree the judge must settle it, saying: "The stenographic notes will be of great weight with the judge, but are not conclusive, if he has reason to believe there was error or mistake. The stenographer cannot take the place of the judge who is alone authorized and empowered by the Constitution to try the cause, and who alone (if counsel disagree) can settle for this Court what occurred during the trial. . . . Of course, if such notes were conclusive as to the evidence, they should be equally so as to what exceptions were taken and rulings made, and all other matters occurring in the progress of the trial. This would simply depose the judge and place the stenographer in his place for all the purposes of an appeal. All the care taken to secure men of high integrity and impartiality to discharge the functions of the important office of judge of the Superior Court . . . becomes of secondary importance if a stenographer appointed by the clerk of the court, and not the judge elected by the people of the State, is to decide what were the exceptions, rulings, evidence, and other incidents of a trial. Now, as always, these matters must be settled by the judge when counsel disagree. The stenographer's notes will be of valuable aid to refresh his memory, but the stenographer does not displace the judge in any of his functions."

In that case we were guarding against the threatened unnecessary expense of voluminous transcripts of cases on appeal by dumping into them the stenographer's notes. Now we are threatened with, if possible, a greater evil by the opportunity, and indeed the inducement to great delays in appeals by making the settlement of cases for this Court depend upon the convenience or disposition of the stenographers who may or may not have other calls upon their time. If we were to yield to this, then, to paraphrase the language of Johnson in regard to Charles XII. of Sweden, litigants would be

> "Condemned weary suppliants to wait
> While ladies interpose and counsel debate."

This is the fourth time at this term that blame for delays to bring up cases in the time prescribed by statute has been sought to be charged upon the stenographers, to the exoneration of counsel, by alleging the heavy business requirements of stenographers.

We must repeat again that stenographers are a helpful aid, but are not indispensable. They have not been indispensable heretofore, and are not absolutely indispensable now. The calls upon their time cannot be used to increase the expense of appeals by dumping their notes into the transcript, which we refused to permit in *Cressler v. Asheville, supra,* nor to excuse, as has been attempted at this term, delays beyond the statutory time or the time agreed upon by consent, to settle cases on

appeal. If the stenographer or stenographers employed, on any given case, cannot reduce the notes so as to state the evidence in a narrative form or within the prescribed time, they must be dispensed with, or a sufficient number of stenographers employed to accomplish the duty of aiding the court, whose records must not be padded, nor delays in appeals inflicted upon litigants, by a plea that the stenographers employed could not do the work in apt time. *Cressler v. Asheville, supra,* has been often cited and approved. *Bucken v. R. R.,* 157 N. C., 444; *Brazille v. Barytes Co., ib.,* 460; *Overman v. Lanier, ib.,* 551; *Skipper v. Lumber Co.,* 158 N. C., 323; *Brewer v. Mfg. Co.,* 161 N. C., 212; *Bank v. Fries,* 162 N. C., 516; *S. v. Shemwell,* 180 N. C., 722; and more immediately upon this point are *S. v. Harris,* 181 N. C., 613, and *Hotel Co. v. Griffin, ante,* 539, and other cases at this term.

Counsel for the plaintiff were liberal in the agreement to extend the time to 75 days, which was two months beyond the statutory time. They deny that they extended it beyond that time, and this Court has uniformly held that when an agreement between counsel is denied it will not be recognized by us unless in writing and filed in the cause, which is the express requirement of our Rule 39, 174 N. C., 838. As stated by us in *Graham v. Edwards,* 114 N. C., 229, and in the cases there quoted, and in the citations to that case, in the Anno. Ed., we must strictly adhere to that rule for the very sufficient reason that we have no means and no disposition to pass upon the relative accuracy of the memory of counsel who can so readily avoid such controversies by complying with the rule.

The motion for *certiorari* must, therefore, be denied. The appeal having been docketed here before the call of the district at this the first term after the trial below, the motion to dismiss must also be denied, but there being no error upon the face of the record as docketed, the judgment below must be

Affirmed.