STATE v. ROLAND WESCOTT.

(Filed 26 November, 1941.)

**1. Criminal Law § 73a—**

The preparation and settlement of cases on appeal belong to the parties and to the judge of the Superior Court, C. S., 643, 644, and while a stenographic report of the trial may be of great assistance, the stenographic notes of the reporter are not conclusive, and the inability of the reporter to transcribe his notes due to continued illness does not excuse defendant from making out and serving his statement of case on appeal within the time allowed.

**2. Criminal Law § 76—**

Motion for *certiorari* based upon the fact that the court reporter was unable to transcribe his notes because of continued illness, *denied* for failure to negative laches and to show merit.

**3. Criminal Law § 80—**

When defendant fails to make out and serve statement of case on appeal within the time allowed the motion of the Attorney-General to docket and dismiss will be granted.

APPLICATION by defendant for *certiorari,* and motion by State to docket and dismiss appeal.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*W. R. Rhodes, Jr., for defendant.*

STACY, C. J. At the May Criminal Term, 1941, New Hanover Superior Court, the defendant herein, Rowland Wescott, was tried upon indictment charging him with the murder of one Mildred Lee, which resulted in a conviction of murder in the first degree, and sentence of death as the law commands on such verdicts.

From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court and was allowed to appeal *in forma pauperis* and was granted 60 days from 17 May, 1941, to make out and serve his statement of case on appeal, and the solicitor was given 45 days thereafter to prepare and serve exceptions or countercase.

Due to the serious and continued illness of the substitute court reporter who took the evidence in the case, the solicitor agreed to extend defendant's time for serving case on appeal to 1 October, 1941, and later for the same reason the time was again extended to 15 October.

The defendant then on 18 October applied to this Court for a writ of *certiorari* "to the end that the defendant and his attorney be furnished with a complete transcript of the evidence taken in this case, in order that his statement of case on appeal may be properly made, and that the defendant may preserve his rights on appeal."

The application was denied, because it failed to negative laches and to show merit. *S. v. Angel,* 194 N. C., 715, 140 S. E., 727; *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. The preparation and settlement of cases on appeal belong to the parties and to the judge of the Superior Court. C. S., 643 and 644; *Chozen Confections, Inc., v. Johnson, ante,* 430. In days agone, there were few, if any, court reporters, and the benefit of a stenographic report of the trial was usually not obtainable in preparing and settling cases on appeal. Moreover, "the stenographer's notes

are not the compelling and supreme authority as to what transpired during the trial." *Rogers v. Asheville,* 182 N. C., 596, 109 S. E., 865. The stenographic notes of the reporter may be of great assistance in preparing and settling cases on appeal, but they are not conclusive. *Cressler v. Asheville,* 138 N. C., 482, 51 S. E., 53. Indeed, in the instant case, there is no assurance that the assistant court reporter will ever be able to transcribe his notes of the trial. The contrary is suggested, and the time for serving statement of case on appeal has expired. *S. v. Moore, supra.*

Thereafter at the call of the district to which the case belongs, motion was made by the State to docket and dismiss under Rule 17. This motion must be allowed. *S. v. Moore, supra; S. v. Morrow, post,* 441.

*Certiorari* disallowed.

Judgment affirmed. Appeal dismissed.