STATE v. LEMUEL PARROTT.

(Filed 7 April, 1948.)

Criminal Law § 76a—

*Certiorari* will not be granted on the ground that due to illness and a misunderstanding on the part of the court reporter she was unable to prepare a proper transcript within the time allowed for service of statement of case on appeal, since there is a failure to show merit or to negative laches. Further, if allowed, the writ would not accomplish the result desired since time for serving the case on appeal has expired, and further, it appeared that the order allowing the appeal *in forma pauperis* was not supported by the affidavit as required by G. S., 15-181.

PETITION for *certiorari* to have case brought up from Lenoir Superior Court and heard on appeal. No objection is interposed to the petition.

*Guy Elliott for the petitioner.*

STACY, C. J. At the September Mixed Term, 1947, Lenoir Superior Court, presided over by Hamilton, Special Judge, the petitioner, Lemuel Parrott, was tried upon indictment charging him and another with the murder of one Kenneth Taylor, which resulted in conviction of the petitioner of murder in the first degree and sentence of death as the law commands in such case. G. S., 14-17.

From the judgment thus entered, the petitioner gave notice of appeal to the Supreme Court, and was granted the privilege of appealing *in forma pauperis,* without giving security for costs, albeit the record shows no supporting affidavit as required by G. S., 15-181.

By consent, the petitioner was allowed ninety days from the adjournment of the September Term of court to make up and serve statement of case on appeal, and the solicitor was allowed thirty days thereafter to prepare and serve exceptions or countercase.

It is alleged in the petition that due to illness and a misunderstanding on the part of the court reporter "she was unable to prepare a proper transcript of the evidence and the charge of the court within the time allowed this defendant to prepare and serve statement of case on appeal."

It is apparent from the foregoing that the petitioner fails to show merit or to negative laches. *S. v. Lampkin,* 227 N. C., 620, 44 S. E. (2d), 30; *S. v. Wescott,* 220 N. C., 439, 17 S. E. (2d), 507. Nor does it appear that the writ, if allowed, would accomplish the result desired by the petitioner. The time for serving his statement of case on appeal has expired. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. And the order allowing him to appeal *in forma pauperis* appears to have been entered without supporting affidavit. *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734.

For the reasons stated and on what was said in *S. v. Lampkin, supra,* and *S. v. Wescott, supra,* the petition for *certiorari* will be denied.

This leaves the appeal still pending, subject to dismissal on motion.

*Certiorari* denied.