RONALD W. PENDERGRAFT AND WIFE, MARJORIE ELIZABETH PENDER-GRAFT v. WILLIAM T. HARRIS AND PAUL A. MITCHELL, TRADING AND DOING BUSINESS AS HARRIS OIL COMPANY.

(Filed 25 May, 1966.)

1. Courts § 7—

Where the judge of a county civil court allows 90 days for the service of statement of case on appeal to the Superior Court, G.S. 7-378(1), and appellee fails to serve statement of case on appeal within the time allowed, the appeal should be dismissed on motion in the Superior Court, notwithstanding that statement of case on appeal was filed prior to the making of appellants' motion to dismiss.

2. Same—

If G.S. 1-287.1 relates to dismissal of an appeal from a county civil court to the Superior Court, it can apply only to a motion to dismiss addressed to the county civil court.

**3. Appeal and Error § 36—**

A motion for diminution of the record will not be allowed when nothing contained in the suggested addenda affects the basis of decision.

MOORE, J., not sitting.

APPEAL by plaintiffs from *Johnson, J.,* December 6, 1965, Civil Session of DURHAM Superior Court.

On December 9, 1965, Judge Johnson entered the following order, *viz.:*

"THIS CAUSE coming on to be heard before the undersigned Judge Presiding over the Superior Court of the Fourteenth Judicial District upon motion of the plaintiffs, Appellees, to docket and dismiss the appeal of the defendants, appellants; and,

"IT APPEARING TO THE COURT and the Court finding as a fact that this action was tried in the Durham County Civil Court before the Honorable Oscar G. Barker, Judge Presiding, and a Jury, at the August, 1965 Term of said Court; that the jury answered the issues adjudging the plaintiffs entitled to recover of the defendants the sum of Twelve Hundred Dollars ($1,200.00), and that on the 18th day of August, 1965, a Judgment was entered based upon said issues; and,

"IT FURTHER APPEARING TO THE COURT and the Court finding as a fact that on the 18th day of August, 1965, the defendants gave notice of appeal to the Superior Court in open Court, at which time the Judge Presiding over the Durham County Civil Court, in his discretion, fixed the time within which the Statement of Case on Appeal should be served on the appellees by the appellants at ninety (90) days and allowed forty-five (45) days thereafter for the service of counter statement of Case on Appeal or Exceptions; and,

"IT FURTHER APPEARING TO THE COURT and the Court finding as a fact by stipulation of the parties made in open Court that the time within which the appellants might prepare and serve Statement of Case on Appeal expired at midnight on the 16th day of November, 1965; and,

"IT FURTHER APPEARING TO THE COURT that the appellants did not file or serve their Statement of Case on Appeal in this action until the 17th day of November, 1965, the ninety-first (91st) day following the Notice of Appeal, and that thereafter on the 18th day of November, 1965, the Appellees filed their Motion to docket and dismiss; and,

"IT APPEARING TO THE COURT and the Court finding as a fact that the appellants failed to attach as a part of their statement of

Case on Appeal any assignments of error or grouping of exceptions and that as of the date of the hearing by the undersigned on the Motion of the appellees to docket and dismiss no such assignments of error or grouping of exceptions has been filed by the appellants; and,

"IT FURTHER APPEARING TO THE COURT that the motion of the appellees to docket and dismiss the appeal of the appellants should be denied.

"Now, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion of the Appellees to docket and dismiss the appeal of the appellants in this action be, and the same is hereby, denied."

Plaintiffs excepted "(t)o the entry of the foregoing Order" and appealed.

*Bryant, Lipton, Bryant & Battle for plaintiff appellants.*
*Weatherspoon & Pulley and Rudolph L. Edwards for defendant appellees.*

BOBBITT, J.   The Durham County Civil Court was established under the statute now codified as G.S. Chapter 7, Article 35, and has jurisdiction concurrent with the superior court in tort actions wherein the amount demanded does not exceed $1,500.00, exclusive of interest and costs. G.S. 7-372(3). See *Perry v. Owens,* 257 N.C. 98, 101, 125 S.E. 2d 287.

G.S. 7-378, in pertinent part, provides:

"Appeals in actions may be taken from the county civil court within ten days from date of rendition of judgment to the superior court of the county in term time, for errors assigned in matters of law or legal inference, in the same manner as is provided for appeals from the superior court to the Supreme Court, except as follows:

"(1)   The appellant shall cause a copy of the statement of case on appeal *to be served on the respondent* within thirty days from the entry of the appeal taken, and the respondent, within fifteen days after such service, shall return the copy with his approval or specific amendments endorsed or attached; *if the case be approved by the respondent, it shall be filed with the clerk as a part of the record; if not returned with objections within the time prescribed, it shall be deemed approved:* Provided, that the judge trying the case shall have the power, in the exercise of his discretion, to enlarge the time in which to serve statement of case on appeal and exceptions thereto or counter statement of case. (Our italics.)

"(2) The appellant shall file one typewritten copy of the statement of case on appeal, *as settled*, containing the exceptions and assignments of error, which, together with the original record, shall be transmitted by the clerk of the county civil court to the superior court as the complete record on appeal in said court. (Our italics.)

"(3) The record in the case on appeal to the superior court must be docketed in the superior court *within ten days after the date of settling the case on appeal*. If the appellant shall fail to perfect his appeal within the prescribed time, the appellee may file with the clerk of superior court a certificate of the clerk of court from which the appeal comes showing the names of the parties thereto, the time when the judgment and appeal were taken, the name of the appellant and the date of the settling of case on appeal, if any has been settled, with his motion to docket and dismiss said appeal at appellant's cost, which motion shall be allowed at the first regular term or any succeeding regular term of the superior court." (Our italics.)

Judge Johnson's order recites: "IT FURTHER APPEARING TO THE COURT that the appellants did not *file or serve* their Statement of Case on Appeal in this action until the 17th day of November, 1965, the ninety-first (91st) day following the Notice of Appeal . . ." (Our italics.)

G.S. 7-378 provides the following procedure: An appellant is required to serve a copy of his statement of case on appeal *on the appellee* within the prescribed time. The case on appeal is to be filed in the Durham County Civil Court *upon settlement thereof.* Thereupon, "the statement of case on appeal, *as settled*, containing the exceptions and assignments of error," together with the record proper, are to be transmitted by the clerk of the county civil court to the superior court. This record must be docketed in the superior court within ten days "after the date *of settling the case on appeal.*" (Our italics.)

In our view, the crucial question is whether a copy of defendants' statement of case on appeal *was served on plaintiffs* within the prescribed time. The record does not disclose with certainty that such copy was ever served *on plaintiffs.* It does appear that defendants' statement of case on appeal was not served on anybody or in any manner until November 17, 1965, that is, after the expiration of the ninety days allowed for service thereof.

Judge Johnson's order does not indicate the ground of his decision.

Defendants contend the granting or denial of plaintiffs' motion to dismiss was for determination by Judge Johnson in his discretion.

The asserted basis for this contention is that defendants' statement of case on appeal was filed in the Durham County Civil Court on November 17, 1965, prior to the filing (on November 18, 1965) of plaintiffs' motion to dismiss. *McLean v. McDonald,* 175 N.C. 418, 95 S.E. 769, is typical of decisions cited and relied on by defendants. They relate to dismissals of appeals to this Court for failure to docket within the time prescribed by our rules. In this connection, it is sufficient to say: Nothing in the record indicates a case on appeal was settled by agreement or otherwise; and, until *settlement* of a case on appeal, G.S. 7-378 made no provision for the filing in the Durham County Civil Court of defendants' statement of case on appeal or for the transmittal thereof from the Durham County Civil Court to the Durham County Superior Court. Defendants make no contention that error appears on the face of the record proper in the Durham County Civil Court.

G.S. 1-287.1, discussed in both briefs, relates to the dismissal by the superior court of appeals therefrom to the Supreme Court. If applicable under any circumstances to an appeal from the county civil court to the superior court, it could apply only to a motion to dismiss addressed to the county civil court.

In view of the fact that defendants failed to serve statement of case on appeal on plaintiffs within the ninety days allowed therefor, plaintiffs' motion to dismiss defendants' purported appeal from the Durham County Civil Court should have been granted. Hence, the order of the court below is reversed.

Motions made by plaintiffs and by defendants suggesting diminution of the record have been considered and denied. Nothing contained in the suggested addenda to the record affects the basis of decision on this appeal.

Reversed.

MOORE, J., not sitting.