PELAEZ v. CARLAND.

_____

CARLOS F. PELAEZ v. ALLEN CARLAND, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR MARK JAMES CARLAND.

(Filed 28 September, 1966.)

1. **Appeal and Error § 12; Courts § 7—**

Upon the entering of an appeal the trial court is *functus officio* and has no further jurisdiction except to enter orders affecting the judgment during the term when the judgment is *in fieri*, to adjudge an appeal abandoned after notice and on a proper showing, and to settle the case on appeal, which he may do only in the event of timely service of exceptions or countercase to appellant's statement of case on appeal.

2. **Appeal and Error § 29—**

The inability of appellant to obtain a transcript of the evidence from the court reporter within the time limited does not excuse his failure to make out and serve statement of case on appeal.

3. **Same; Courts § 7—**

After appeal and the fixing of time for service of case on appeal from a general county court to the Superior Court, the trial court granted successive extensions of time, one with the consent of appellee, and then granted further extension of time without appellee's consent. *Held:* No case on appeal having been served within the time fixed or within the extension agreed upon by counsel, the Superior Court could review only the record proper, and, no error appearing on the face thereof, should have dismissed the purported appeal, and objection that the motion to dismiss was broadside is untenable, the matter being a question of jurisdiction.

APPEAL by plaintiff and defendants from *Martin, S.J.,* February 1966 Civil Session of BUNCOMBE.

Plaintiff instituted this civil action in the General County Court of Buncombe County on December 21, 1962, to recover damages for injuries sustained in an automobile collision allegedly caused by the negligence of defendants. The action was tried before a judge and jury in the General County Court at the January 1965 Session. The usual issues were submitted to the jury. The jury answered both the issues of negligence and contributory negligence "Yes."

Judgment was accordingly entered. Plaintiff appealed and was given 90 days within which to prepare and serve case on appeal. On April 12, 1965, plaintiff obtained an extension of time from the judge of the General County Court of Buncombe County until June 21, 1965 to prepare and serve case on appeal, on the ground that he was unable to obtain a transcript of the evidence from the court reporter. Similar extensions of time were granted by the judge of the General County Court on May 14, 1965, extending the time through August 4, 1965, and on June 21, 1965, extending the time through August 19, 1965. The latter extension of time was consented to by the defendants' attorneys. On August 18, 1965 an order was signed by the judge of the General County Court purporting to extend the time to and including the 30th day of August, 1965. Defendants' attorneys did not consent or agree to this extension.

Plaintiff's case on appeal was served on defendants August 30, 1965. It was settled by the judge of the trial court on December 30, 1965, was docketed on the same day and scheduled for hearing at the regular February 14, 1966 Session of the Superior Court of Buncombe County. On February 18, 1966, defendants filed a motion to dismiss plaintiff's appeal, under the provisions of G.S. 1-287.1 and G.S. 7-295. The judge of the Superior Court overruled defendants' motion to dismiss, overruled part of plaintiff's assignments of error, and sustained part of plaintiff's assignments of error.

Both plaintiff and defendants appealed.

*Williams, Williams and Morris and J. N. Golding for plaintiff.*
*Uzzell & Dumont for defendants.*

BRANCH, J. At the threshold of this case we are confronted with the question, Did the court err in overruling the defendants' motion to dismiss?

The General County Court of Buncombe County appears to have been established under Chapter 7, Article 30, of the General Statutes. G.S. 7-295 provides, in part, as follows: "Appeals in civil actions may be taken from the General County Court to the Superior Court of the county in term time for errors assigned in matters of law *in the same manner as is now provided for appeals from the*

PELAEZ *v.* CARLAND.

*Superior Court to the Supreme Court,* except that the appellant shall file in duplicate statement of case on appeal, as settled, containing assignments of error which, together with the original record, shall be transmitted by the clerk of the General County Court to the Superior Court, as the complete record on appeal in said court . . . The record on appeal to the Superior Court shall be docketed before the next term of the Superior Court ensuing after the case on appeal shall have been settled by the agreement of the parties or by order of the court, and the case shall stand for argument at the next term of the Superior Court ensuing after the record on appeal shall have been docketed ten days, unless otherwise ordered by the court. . . ." (Emphasis ours).

In the case of *Jenkins v. Costelloe,* 208 N.C. 406, 408, 181 S.E. 266, the Court, in passing on an appeal from a general county court to the Superior Court, stated: " 'It is provided by 3 C.S. 1608 (cc) (now G.S. 7-295), that appeals in civil actions may be taken from the general county court to the Superior Court of the county in term time for errors assigned in matters of law "in the same manner as is now provided for appeals from the Superior Court to the Supreme Court"; and from the judgment of the Superior Court an appeal may be taken to the Supreme Court "as is now provided by law." This means that in hearing civil cases on appeal from the general county court, the Superior Court sits as an appellate court, subject to review by the Supreme Court.' "

In this case the defendants' attorneys, following a series of other extensions, consented to an order extending the time to serve the case on appeal through August 19, 1965, a time of approximately eight months. Plaintiff then obtained an additional order from the judge of the General County Court which purported to grant a further extension of time to August 30, 1965. The court, however, was without authority to grant this additional extension. In the case of *Hoke v. Greyhound Corp.,* 227 N.C. 374, 42 S.E. 2d 407, this Court said:

> "An appeal from a judgment rendered in the Superior Court takes the case *out of the jurisdiction* of the Superior Court. Thereafter, pending the appeal, the judge is *functus officio.* (Emphasis ours).
>
> " 'Where there is a controversy as to whether the case on appeal was served within the time fixed or allowed, or service within such time waived, it is the duty of the trial court to find the facts, hear the motions and enter appropriate orders thereon.' . . . (W)e rest decision squarely on the want of jurisdiction in the court below to enter any order or decree pertaining to the

appeal by the defendants in the absence of a showing that the appeal had been abandoned. . . .

" '. . . "(T)he cause" is by the appeal taken out of the Superior Court and carried up to the Supreme Court' although the cost and stay bonds have not been filed and 'of course a "motion in the cause" can only be entertained by the court where the cause is.' "

"It is axiomatic among those engaged in appellate practice that 'a statement of case on appeal not served in time' may be disregarded or treated as a nullity." *State v. Moore*, 210 N.C. 686, 188 S.E. 421.

The case is controlled by the decision in *Machine Co. v. Dixon*, 260 N.C. 732, 133 S.E. 2d 659, in which the Court through Higgins, J., said:

"As a general rule, an appeal takes the case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio*. '. . . (A) motion in the cause can only be maintained by the court where the cause is.' Exceptions to the general rule are: (1) Notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned, (3) the settlement of the case on appeal. . . .

" '. . . The right of appeal is not an absolute right, but is only given upon compliance with the requirements of the statute. . . . rules requiring service to be made of case on appeal within the allotted time are mandatory, not directive.' . . .

"When the judge of the county civil court entered his order fixing 60 days as the time for the service of the case on appeal, he exhausted his authority over the case and was thereafter *functus officio*, except to fulfill his statutory obligation to see that a proper record is sent up for review and the obligation to settle the cases devolves *only in the event the appellee serves a countercase or files exceptions*. In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof. . . . The appeal removed the case to the Superior Court for all purposes except the certification of a correct record. Any further extensions of time within which the record was due in the Superior Court could only come from the Superior Court." (Emphasis ours).

In the case of *Pendergraft v. Harris*, 267 N.C. 396, 148 S.E. 2d 272, the judge of a county civil court allowed 90 days for service of

statement of case on appeal to the Superior Court. When appellant failed to serve statement of case within the time allotted, the appeal was dismissed on motion made in the Superior Court notwithstanding the statement of case on appeal was filed prior to the making of appellee's motion to dismiss.

In the instant case the plaintiff based his request for extension of time upon his inability to obtain a transcript of the evidence from the court reporter. It is noted that this condition was alleged to have continued for a period of approximately nine months. This Court has heretofore held that an appellant will not be relieved from serving his case on appeal on excuse that the stenographer was busy and could not transcribe her notes in time, since the stenographic notes are not the supreme authority as to what occurred at the trial. *Rogers v. Asheville,* 182 N.C. 596, 109 S.E. 865.

In *State v. Wescott,* 220 N.C. 439, 17 S.E. 2d 507, it was held that continued illness of the court reporter did not excuse the appellant from making out and serving his statement of case on appeal within the time allowed.

The plaintiff argues in his brief that the defendants' motion to dismiss was "broadside," and excepts to other procedural matters. There was substantial compliance by defendants and this contention is without merit since the court was *functus officio* and therefore without jurisdiction.

"Jurisdiction over the subject matter cannot be conferred upon a court by consent, waiver or estoppel, and therefore failure to demur or object to the jurisdiction is immaterial. Indeed, it is the duty of a court to stop the action or proceeding *ex mero motu* immediately it perceives it does not have jurisdiction, and therefore it is its duty to do so on motion or objection made at any stage of the proceedings." 1 Strong, N. C. Index, Courts, Sec. 21, p. 646.

When the judge of the General County Court entered his order fixing 90 days as the time for service of case on appeal, he exhausted his authority over the case except as detailed in *Machine Co. v. Dixon, supra,* and in *Hoke v. Greyhound Corp., supra.* No case on appeal having been served within the time fixed or within the extension agreed upon by counsel, the Superior Court should have reviewed only the record proper to determine whether errors of law are disclosed on the face thereof. *Machine Co. v. Dixon, supra.* The defendants make no contention that such errors appeared on the face of the record. Defendants' motion to dismiss the purported appeal from the Buncombe County General Court should have been granted.

Plaintiff in his appeal noted other exceptions concerning the

trial in Buncombe County General Court, but these do not affect the basis of the decision on this appeal and will therefore not be discussed.

The order of the court below is

Reversed.