EULA S. BOWES v. MELLIE LEWIS BOWES

No. 7317DC236

(Filed 12 September 1973)

**Appeal and Error § 16— jurisdiction of trial court pending appeal**

Where defendant appealed from a judgment granting plaintiff a divorce from bed and board entered on a jury verdict of abandonment and retaining for determination upon further hearing the matters of child custody, child support, permanent alimony and counsel fees, the trial court had no jurisdiction to hold hearings and enter judgments providing for child custody, child support, alimony and counsel fees while defendant's appeal was pending.

APPEAL by defendant from *Clark, Judge,* 28 August 1972 Session of District Court held in ROCKINGHAM County.

On 28 September 1971, plaintiff wife filed a complaint alleging in substance that plaintiff and defendant husband were residents of Rockingham County; that plaintiff and defendant had been lawfully married since 3 August 1940; that three children were born of the marriage, but that at the time the complaint was filed, only one of the children, Jennifer Bowes, was a minor child; that on 29 March 1971, the defendant husband abandoned the plaintiff; that defendant was the supporting spouse and plaintiff the dependent spouse; and that the best interests of Jennifer Bowes would be served by placing the child in the plaintiff's custody. Plaintiff prayed that the court enter an order granting her a divorce from bed and board, custody of the minor child of the marriage, child support, permanent alimony and attorney fees. The defendant husband answered, denying the material allegations of the complaint.

Thereafter, the cause came on for trial by jury on the issue of abandonment. The jury answered the issue of abandonment against the defendant husband and returned a verdict for the plaintiff. On 30 August 1972, Judge Clark entered a judgment on the verdict that the plaintiff wife be awarded a divorce from bed and board from the defendant husband, and that ". . . the matters of child custody, child support, permanent alimony and attorney fees be and are hereby retained for determination upon further hearing at this Session of Rockingham District Court . . ." On 1 September 1972, defendant filed notice of appeal, and Judge Clark entered appeal entries allowing defendant and plaintiff extensions of time to serve the case and countercase on appeal.

*Julius J. Gwyn for plaintiff appellee.*

*Harry J. O'Connor, Jr., and Donald K. Speckhard, for defendant appellant.*

MORRIS, Judge

Defendant gave notice of appeal and the court entered appeal entries as to the judgment of 30 August 1972, granting plaintiff divorce *a mensa et thoro,* entered on the jury verdict of abandonment. On appeal, however, defendant does not bring forward any exception or assignment of error with respect to this judgment, nor does the record contain any assignment of error as to this judgment.

The appeal itself, however, is an exception to the judgment and to any matter appearing on the face of the record proper. *Dilday v. Board of Education,* 267 N.C. 438, 148 S.E. 2d 513 (1966). Prejudicial error does not appear.

Pending the appeal from the judgment entered 30 August 1972, the court held two hearings in this action. The first resulted in a judgment awarding plaintiff custody of the minor child and providing for child support, alimony, and counsel fees. The second resulted in a judgment modifying the alimony award. Defendant attempts to appeal from these judgments. The court had no jurisdiction to hold hearings and enter judgments pending the appeal. *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971); *Pelaez v. Carland,* 268 N.C. 192, 150 S.E. 2d 201 (1966). See also *Upton v. Upton,* 14 N.C. App. 107, 187 S.E. 2d 387 (1972). We, therefore, choose to treat the purported appeal as a petition for a writ of certiorari which we have allowed. Because of the lack of jurisdiction in the trial court, the two judgments are vacated and the cause remanded for further proceedings.

The result of the foregoing is this:

Judgment dated 30 August 1972, affirmed.

Judgment dated 1 September 1972 and Order dated 19 October 1972 modifying the judgment of 1 September 1972, vacated and cause remanded for further proceedings.

Chief Judge BROCK and Judge VAUGHN concur.