SHERRY PAMELA SINK v. KENNETH WESLEY EASTER, JR.

No. 7422SC703

(Filed 16 October 1974)

**Appeal and Error § 16; Rules of Civil Procedure § 60— rescission of judgment while appeal pending**

The court had no jurisdiction to rescind its judgment denying plaintiff's motion under Rule 60 to set aside its dismissal of the action for lack of jurisdiction while an appeal from the judgment was pending.

Judge BALEY dissenting.

APPEAL by defendant from *Wood, Judge,* 13 May 1974 Civil Session of Superior Court held in DAVIDSON County.

This action was instituted on 4 September 1971 to recover for bodily injuries allegedly sustained by plaintiff as a result of the negligent operation of an automobile by defendant on 6 September 1968. On 10 September 1971, the sheriff returned the summons with the following notation: "Kenneth Wesley Easter—not to be found in Guilford County—in Amsterdam—Address unknown."

The complaint was filed on 23 September 1971. On 1, 8, and 15 October 1971, a notice of service of process by publication was published in a newspaper. On 11 November 1971, defendant filed a motion to dismiss upon the ground that the court lacked jurisdiction over the person of defendant due to insufficiency of service of process. This motion was denied in an order dated 27 December 1971 and filed 27 March 1972. Defendant excepted to the denial of his motion and gave notice of appeal, preserving his exception for determination upon any subsequent appeal. On 25 April 1972, defendant filed answer.

On 7 February 1974, defendant, pursuant to Rule 60(b)(6), filed a "Motion to Dismiss," following the Supreme Court opinion filed 25 January 1974 in the companion case of *James A. Sink v. Kenneth Wesley Easter, Jr.,* 19 N.C. App. 151, 198 S.E. 2d 43 (1973), *rev'd* 284 N.C. 555, 202 S.E. 2d 138, *rehearing denied* 285 N.C. 597 (1974).

In this motion, defendant set forth that the Supreme Court had held in the companion case that the service of process was fatally defective and that defendant was entitled to have that

Sink v. Easter

case dismissed; that the facts regarding service of process in this case are identical to those in the companion case, therefore, defendant is entitled to a dismissal of this case. The record then reveals the following pertinent proceedings:

1. On 21 March 1974, a judgment signed by Judge Wood, bearing date of 18 February 1974, was filed. This judgment recited that defendant's motion to dismiss the action should be allowed, and ordered that the action be dismissed "for lack of jurisdiction."

2. On 18 March 1974, plaintiff filed numerous affidavits.

3. On 28 March 1974, plaintiff, pursuant to Rule 60 and on grounds of mistake, inadvertence, etc., moved for relief from the judgment filed 21 March 1974 granting defendant's motion to dismiss.

4. On 27 March 1974, Judge Wood entered judgment (filed 28 March 1974) (1) correcting the rendition date of the judgment filed 21 March 1974 from 18 February 1974 to 18 March 1974, and (2) reciting that in rendering the judgment filed on 21 March 1974 the court did not consider the affidavits filed by plaintiff on 18 March 1974.

5. On 28 March 1974, plaintiff filed notice of appeal and appeal entries to the judgment filed 21 March 1974 as amended by the judgment filed 28 March 1974.

6. Also, on 28 March 1974, a judgment of Judge Wood, dated same day, denying plaintiff's motion for relief under Rule 60 from the judgment entered 21 March 1974 was filed. Plaintiff gave notice of appeal to this judgment on 28 March 1974 and appeal entries were filed on the same day.

7. On Page 42 of the record appears "ORDER AND OFFICIAL PROCEEDINGS (filed April 1, 1974)." Thereunder is set forth directions by the court (Judge Wood) that the judgment entered on 28 March 1974 denying plaintiff's motion under Rule 60 for relief from the judgment dated 18 March 1974 and "entered" 21 March 1974 be set aside. The court then announced that it was proceeding to conduct a hearing on plaintiff's motion for relief under Rule 60. Defendant excepted. Plaintiff proceeded to introduce the affidavits filed on 18 March 1974 after which the court stated it would rule on the motion later.

8. On 17 May 1974, plaintiff filed a "Withdrawal of Appeal" dated 9 May 1974 setting out that she was withdrawing

and abandoning the appeal previously taken by her "from the judgment dismissing this action for lack of jurisdiction." On 15 May 1974, Judge Wood signed an order declaring the appeal withdrawn and abandoned.

9. On 16 May 1974, Judge Wood entered an order (filed 17 May 1974) in which, after finding facts and making conclusions of law, he allowed plaintiff's motion for relief under Rule 60, set aside the judgment dismissing the action, and denied defendant's motion to dismiss the action for lack of jurisdiction.

Defendant appealed.

*McLendon, Brim, Brooks, Pierce & Daniels, by Hubert B. Humphrey, Jr., and Lambeth & McMillan, by Charles F. Lambeth, Jr., for plaintiff appellee.*

*Charles H. McGirt, by G. Thompson Miller, and Walser, Brinkley, Walser & McGirt, by G. Thompson Miller, for defendant appellant.*

BRITT, Judge.

Defendant advances numerous contentions as to why the order of 16 May 1974 is invalid. One of these is that the court had no jurisdiction on 1 April 1974 to rescind its judgment entered 28 March 1974 denying plaintiff's motion for relief under Rule 60. We find merit in this contention.

When the court entered its judgment on 28 March 1974 denying plaintiff's Rule 60 motion for relief, plaintiff, on the same day, gave notice of appeal and appeal entries were entered. The general rule as to jurisdiction of the trial court after notice of appeal has been given and appeal entries filed has been explicitly stated by our Supreme Court. In *Wiggins v. Bunch,* 280 N.C. 106, 108, 184 S.E. 2d 879, 880 (1971), we find:

> For many years it has been recognized that as a general rule an appeal takes the case out of the jurisdiction of the trial Court. In *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659, it was stated:

> "As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is functus officio. '. . . (A) motion in the cause can only be entertained by the court where the cause is.' Exceptions to the general rule are: (1) notwith-

standing notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned, (3) the settlement of the case on appeal. . . ."

Accord: *Pelaez v. Carland,* 268 N.C. 192, 150 S.E. 2d 201; *Hoke v. Greyhound Corp.,* 227 N.C. 374, 42 S.E. 2d 407; *Bank v. Twitty,* 13 N.C. 386; *Equipment, Inc. v. Lipscomb,* 15 N.C. App. 120, 189 S.E. 2d 498 (1972).

The question arises as to whether Judge Wood's action (there being no formal order or judgment) of 1 April 1974 comes within any of the exceptions to the general rule stated in the authorities above cited. Clearly, exceptions (2) and (3) would not be applicable. As to (1), this court takes judicial notice of the fact that on 1 April 1974 Judge Wood began presiding over a regular two-week session of Superior Court in Davidson County; therefore, his action in purporting to set aside his judgment of 28 March 1974, to which judgment notice of appeal had been filed and appeal entries made, was void since the cause was not *in fieri* during the session of superior court beginning on 1 April 1974.

The plaintiff's motion to abandon and withdraw her appeal on 9 May 1974 was from the notice of appeal given in the judgment filed 21 March 1974 and amended 28 March 1974, not from the denial of plaintiff's motion under Rule 60(b) made on the same date. The order signed by Judge Wood on 15 May 1974, allowing plaintiff to abandon and withdraw an appeal, did not encompass the denial of plaintiff's Rule 60 motion which Judge Wood on 1 April 1974 attempted to set aside but had no jurisdiction to do so. Therefore, the record does not disclose any abandonment of plaintiff's appeal from the judoment and order of 28 March 1974 denying relief under Rule 60(b).

That being true, it follows that the superior court did not have jurisdiction to enter the order dated 16 May 1974 with respect to plaintiff's Rule 60 motion since that appeal had not been abandoned.

For the reasons stated, the order dated 16 May 1974 is

Vacated.

Judge HEDRICK concurs.

Judge BALEY dissents.

Judge BALEY dissenting.

I construe the proceedings appearing in the record as filed 1 April 1974 to constitute an adjudication by the court that the appeal of the plaintiff from denial of the Rule 60 motion had been abandoned. It follows that the Superior Court had jurisdiction to order a new hearing. After such hearing in which all parties participated, the court entered a judgment dated 16 May 1974 from which defendant has appealed.

I am of the opinion that the case should be heard and determined upon its merits. The judgment granting plaintiff's motion under Rule 60 should be affirmed.