## LEWIS v. LEWIS

[128 N.C. App. 183 (1997)]

BRENDA J. LEWIS, Plaintiff v. RONALD WAYNE LEWIS, Defendant

No. COA97-296

(Filed 16 December 1997)

**Appeal and Error § 177 (NCI4th)— appeal from adultery verdict—alimony judgment during pendency of appeal—no jurisdiction**

The trial court lacked jurisdiction to enter judgment on an alimony obligation during pendency of an appeal of a jury determination of adultery. When an appeal is perfected, it stays all further proceedings in the court below upon the matter embraced therein. N.C.G.S. § 1-294.

Appeal by defendant from judgment entered 12 November by Judge L. Oliver Noble, Jr., 1996 in Catawba County District Court. Heard in the Court of Appeals 28 October 1997.

*Wilson, Palmer & Lackey, P.A., by W.C. Palmer and Timothy J. Rohr, for defendant-appellant.*

*Martha E. Fox for plaintiff-appellee.*

WYNN, Judge.

N.C. Gen. Stat. § 1-294 (1996) provides "[w]hen an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein." Because the trial court in this case entered judgment on the claim of alimony during the pendency of the husband's appeal from a jury verdict that he had committed adultery, we must vacate that judgment and remand this matter to the trial court for a redetermination of the alimony obligation.

This appeal arises from an action brought by the wife, Brenda Lewis, seeking *inter alia* a divorce and alimony from her husband, Ronald Lewis. In December 1995, a jury found that the husband had committed adultery and the district court entered judgment to that effect. From that judgment, the husband appealed to this court and in an unpublished opinion dated 7 January 1997, we affirmed. *Lewis v. Lewis*, COA96-793 (N.C. App. Jan. 7, 1997).

During the pendency of that appeal, the district court held a non-jury trial to determine the husband's alimony obligation to his wife.

**LEWIS v. LEWIS**

[128 N.C. App. 183 (1997)]

The court entered judgment in that matter on 12 November 1996. This appeal from that judgment followed.

On appeal, the husband correctly points out that the court below was without jurisdiction to determine alimony pending resolution of the prior appeal. In *Bowes v. Bowes*, 19 N.C. App. 373, 198 S.E.2d 732 (1973), the plaintiff wife filed for divorce from her husband. *Id.* at 373, 198 S.E.2d at 733. After a jury verdict which found that her husband had abandoned her, the trial court entered judgment granting the divorce. *Id.* However, the trial court left other matters relating to the divorce action, including alimony, open for later determination. *Id.* The defendant then appealed from the judgment. *Id.*

During the pendency of the appeal, the trial court held two further hearings. *Id.* at 374, 198 S.E.2d at 733. We held that the trial court,

> had no jurisdiction to hold hearings and enter judgments pending the appeal. We, therefore, choose to treat the purported appeal as a petition for a writ of certiorari which we have allowed. Because of the lack of jurisdiction in the trial court, the two judgments are vacated and the cause remanded for further proceedings.

*Id.* at 374, 198 S.E.2d at 733-34. (citations omitted).

The present case is factually indistinguishable from *Bowes*. Like *Bowes*, the trial court in this case had no jurisdiction to enter judgment on the alimony obligation during the pendency of the husband's appeal. Accordingly, as in *Bowes*, we treat this appeal as a petition for certiorari which we allow. Since the trial court lacked jurisdiction to enter the judgment of 12 November 1996, we vacate that judgment and remand for further proceedings.

Vacated and remanded.

Judges EAGLES and MARTIN, Mark D., concur.