AMERICAN FLOOR MACHINE CO., A CORPORATION v. JOSEPH T. DIXON, T/A DIXON FLOORING COMPANY.

(Filed 19 December 1963.)

1. Appeal and Error § 12;   Courts § 7—

After appeal and the termination of the term, the trial court is functus officio except, after notice and on a proper showing, he may adjudge that the appeal has been abandoned, and has authority, provided countercase or exceptions to appellant's statement of the case on appeal is filed within the time allowed, to settle the case on appeal.

2. Courts § 7—

Under Article 35, Chapter 7, of the General Statutes, the judge of a county civil court has the discretionary power to enlarge beyond the statutory 30 day period the time within which appellant must serve statement of

case on appeal, but after allowing such extension at the time of the appeal he is *functus officio* and has no authority thereafter to enter any order enlarging the time beyond that allowed in his original order.

### 3. Same;    Appeal and Error § 28—

When no statement of case on appeal is served within the time allowed by valid order, there is no proper statement of case on appeal, and the appellate court is confined to a review of the record proper for error appearing on its face.

APPEAL by plaintiff from *Latham, S.J.,* June, 1963, Civil Session, DURHAM Superior Court.

The plaintiff instituted this civil action in the Durham County Civil Court to recover the sum of $296.92 and interest due for goods sold and delivered. The defendant, by answer, admitted the sale, but set up a counterclaim for damages allegedly resulting from a breach of the implied warranty of the goods. A jury trial resulted in a judgment in favor of the defendant for the sum of $437.08. The plaintiff gave notice of appeal. The County Court Judge, by order dated November 9, 1962, allowed the plaintiff 60 days "to make up and serve case on appeal."

On January 3, 1963, the County Court Judge entered an order extending the time for an additional 30 days. The defendant excepted to the order. On February 6, 1963, the County Court Judge entered another order extending the time to "file" statement of case on appeal to February 21, 1963. The defendant again excepted and gave notice of appeal to the Superior Court.

According to the certificate of the Clerk of the Durham County Civil Court, the plaintiff on February 22, 1963, served the case on appeal on defendant's counsel. On February 25, 1963, the defendant filed a motion in the Superior Court setting forth the facts above recited and moved that the appeal be dismissed. The plaintiff filed a reply to the motion, giving excuses for the request for the delays, but did not controvert the facts recited in the motion.

Judge Carr heard the motion in Superior Court and upon the admitted facts entered this order:

"IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff has failed to perfect its appeal to the Superior Court in that it has failed to serve the Statement of Case on Appeal upon the defendant's counsel in apt time so that said Statement of Case on Appeal could constitute a valid Statement of Case on Appeal; AND IT IS THEREFORE ORDERED that the Clerk of the Durham County Civil Court transfer to the

Durham County Superior Court the record proper in this action to the end that this Court may review said record and determine if errors appear upon the face thereof.

"This the 30th day of April, 1963."

The plaintiff excepted to the order. The Clerk of the Durham County Civil Court certified the record proper to the Superior Court. At the June, 1963, Civil Session, Durham Superior Court Judge Latham, after hearing and inspection of the record proper, adjudged that no errors appeared upon the face of the record, affirmed the judgment of the Durham County Civil Court, and dismissed plaintiff's appeal. The plaintiff appealed here.

*Wade H. Penny, Jr., Henry Bane for plaintiff appellant.*
*C. Horton Poe, Jr., for defendant appellee.*

HIGGINS, J. The plaintiff presents two assignments of error:

"1. The Superior Court of Durham County was not the lawful and proper forum in which to determine whether the plaintiff appellant failed to perfect in due time its appeal to the Superior Court as provided in the Orders of the Durham County Civil Court.

"2. If it is assumed that the Superior Court of Durham County could properly determine the issue in regard to plaintiff appellant's perfecting its appeal, then, based on the record proper and those facts found by the Court, the order entered by the Court holding that the plaintiff appellant failed to perfect in due time its appeal to the Superior Court was in error."

The Durham County Civil Court appears to have been established under Article 35, Chapter 7, General Statutes. Its jurisdiction—civil only—is concurrent (1) with that of justices of the peace, (2) with the Superior Court in all cases wherein the amount demanded, exclusive of interest, does not exceed $1,500.00. The court shall be open for business whenever matters before the court require attention, "except for the trial of issues of fact requiring a jury and the trial of contested causes wherein the county civil court is exercising jurisdiction concurrent with the Superior Court, which shall be heard in term." The judge is authorized to fix terms after consulting with the clerk and members of the county bar. The record does not disclose what has been done with respect to terms. "Appeals may be taken from the county civil court within ten days . . . . to the superior court . . . for errors

assigned in matters of law or legal inference, in the same manner as is provided for appeals from the superior court to the Supreme Court, except (1) The appellant shall cause a copy of the statement of case on appeal to be served on the respondent within *thirty days* from the entry of the appeal taken, and the respondent, within *fifteen days* after such service, shall return the copy with his approval or specific amendments endorsed or attached; if the case be approved by the respondent, it shall be filed with the clerk as a part of the record; if not returned with objections within the time prescribed, it shall be deemed approved: Provided, that the judge trying the case shall have the power, in the exercise of his discretion, to enlarge the time in which to serve statement of case on appeal and exceptions thereto or counter statement of case." (Emphasis added).

The plaintiff invoked the jurisdiction of the Durham County Civil Court to force collection of a claim of $296.90. At the time summons was issued it applied for and was granted time to file its complaint. After jury trial it was determined that it was indebted to the defendant in the sum of $437.08. At the time it gave notice of appeal to the Superior Court it induced the judge of the county civil court to exercise his discretion in doubling the time fixed by the statute for serving the case on appeal. Thereafter, on the plaintiff's motion, the court granted two additional extensions. To each of these extensions the defendant excepted. Finally the case on appeal was served on defendant's counsel on the day after the last extension expired.

The rules governing appeals from the county civil to the Superior Court conform as near as may be to those governing appeals from the Superior to the Supreme Court. It seems, therefore, the judge of the county court had authority, in his discretion, to extend the time to serve the case on appeal in the first instance. The extension could only be for a reasonable time. We do not say in doubling the statutory period he exceeded his discretionary authority. But in passing on the question and fixing the time at 60 days within which the appeal should be served, he was thereafter without authority to do more than to settle the case on appeal in the event a countercase was served or exceptions were filed.

As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio.* ". . . (A) motion in the cause can only be entertained by the court where the cause is." Exceptions to the general rule are: (1) notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned,

(3) the settlement of the case on appeal. *Hoke v. Greyhound Corp.*, 227 N.C. 374, 42 S.E. 2d 407.

The authority of the trial judge to settle the case on appeal may be invoked only by the service of a countercase or by filing exceptions to the appellant's statement of case. Otherwise the appellant's statement becomes the case on appeal. G.S. 1-282, 283; *Wiggins v. Tripp*, 253 N.C. 171, 116 S.E. 2d 355. "The right of appeal is not an absolute right, but is only given upon compliance with the requirements of the statute. . . . rules requiring service to be made of case on appeal within the allotted time are mandatory, not directive." *Little v. Sheets*, 239 N.C. 430, 80 S.E. 2d 44.

When the judge of the county civil court entered his order fixing 60 days as the time for the service of the case on appeal, he exhausted his authority over the case and was thereafter *functus officio*, except to fulfill his statutory obligation to see that a proper record is sent up for review and the obligation to settle the cases devolves only in the event the appellee serves a countercase or files exceptions. In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face thereof. *Roberts v. Bus Co.*, 198 N.C. 779, 153 S.E. 398. The appeal removed the case to the Superior Court for all purposes except the certification of a correct record. Any further extensions of time within which the record was due in the Superior Court could only come from the Superior Court. *Pruitt v. Wood*, 199 N.C. 788, 156 S.E. 126.

"It appears, without contradiction, that appellant's statement of case on appeal was not served within the time allowed by agreement of counsel, hence the judge was without authority to settle the case. *Lindsey v. Knights of Honor*, 172 N.C. 818, 90 S.E. 1013. And his attempted settlement of the case, without finding that service within the stipulated time had been waived, did not cure the defect." *Smith v. Smith*, 199 N.C. 463, 154 S.E. 737.

Both Judge Carr, in holding the plaintiff had not perfected its appeal and by ordering the record proper sent up, and Judge Latham, in finding that no error existed on the face of that record, were acting as appellate judges. They appear to have followed the established rules.

The judgment of the Superior Court of Durham County is
Affirmed.