EMMETT H. WIGGINS, PLAINTIFF v. MILES E. BUNCH AND WIFE, FANNY B. BUNCH; WILLIE T. BUNCH, WIDOWER; MELVIN BUNCH AND WIFE, DORIS W. BUNCH; EDWARD Z. EVANS AND WIFE, LENA H. EVANS; LUCY NIXON, WIDOW OF H. M. NIXON; MYRTLE L. PEELE, WIDOW OF J. R. PEELE; LLOYD M. PEELE AND WIFE, DORIS B. PEELE; J. D. PEELE AND WIFE, JENNIE RUTH PEELE; WALLACE R. PEELE AND WIFE, CLARA D. PEELE; HENDERSON RAY PEELE AND WIFE, RUTH P. PEELE; EDITH PEELE BUNCH AND HUSBAND, ALBERT BUNCH; EVA J. MORRIS, WIDOW OF R. P. MORRIS; PRESTON MORRIS AND WIFE, DOROTHY LOWE MORRIS; LOUVENNIA MORRIS STEWART AND HUSBAND, COLON E. STEWART; RUTH MORRIS WORRELL AND HUSBAND, KENNETH WORRELL; JOSIE MORRIS SCHUTTLE, WIDOW; FLORENCE M. MOSLEY AND HUSBAND, REYNOLD L. MOSLEY; SARAH E. WORRELL AND HUSBAND, MARVIN WORRELL; MARY L. GREENE AND HUSBAND, NORMAN C. GREENE; MARJORIE A. ATHERTON AND HUSBAND, EARL ATHERTON; SAM E. MORRIS AND WIFE, MARY ANN MORRIS; MARTHA PEELE, WIDOW OF J. M. PEELE; NORA P. FOREHAND AND HUSBAND, W. G. FOREHAND; JOHN E. PEELE AND WIFE, BESSIE D. PEELE; HENRY LANE AND WIFE, CASIE N. LANE; WILLIE P. BUNCH AND HUSBAND, J. B. BUNCH; MARY W. ASHLEY AND HUSBAND, EARL ASHLEY; KERMIT E. JORDAN AND WIFE, HELEN JORDAN, DEFENDANTS AND STATE OF NORTH CAROLINA, ADDITIONAL DEFENDANT

No. 7

(Filed 15 December 1971)

1. Appeal and Error § 16— jurisdiction of trial court after appeal

As a general rule an appeal takes the case out of the jurisdiction of the trial court.

2. Rules of Civil Procedure § 59— motion for new trial for newly discovered evidence

Rule 59 was inapplicable where plaintiff's motion for a new trial on the ground of newly discovered evidence was not served within 10 days after entry of the judgment. G.S. 1A-1, Rule 59.

**3. Appeal and Error § 16; Rules of Civil Procedure §§ 59, 60— jurisdiction of trial court after appeal — motion for new trial on ground of newly discovered evidence**

When an appeal was taken, the trial court was divested of jurisdiction, except to aid in certifying a correct record, and was without authority to consider plaintiff's motion under Rules of Civil Procedure 59 and 60 for a new trial on the ground of newly discovered evidence. G.S. 1A-1, Rules 59 and 60.

APPEAL by defendant, State of North Carolina, from *Parker*, *J.*, 27 April 1970 Civil Session of CHOWAN Superior Court.

Plaintiff instituted this action in the nature of a processioning proceeding, against Miles C. Bunch and others, to establish boundary lines to certain lands allegedly owned by him known as the "Gallberry Tract." Original defendants filed an answer denying plaintiff's title to the land. The Clerk of Superior Court transferred the case to the Civil Issue Docket of Chowan Superior Court. On 24 March 1969 the State of North Carolina moved that it be made an additional party defendant. This motion was allowed on 31 March 1969, and the State by its answer filed on 28 April 1969 alleged that it was the owner of the land described in the petition as the "Gallberry Tract."

At trial of the cause, before Judge Joseph W. Parker, who heard the case without a jury by agreement of the parties, plaintiff sought to establish his title to the "Gallberry Tract" by chain of title emanating from deed from the State or, in the alternative, by adverse possession. Judge Parker allowed defendants' motion to dismiss at the close of plaintiff's evidence, and signed a judgment dismissing the case on 28 April 1970. Plaintiff gave notice of appeal in open court on that date. On 19 June 1970 Judge Parker signed an order allowing plaintiff an extension of 30 days to serve his case on appeal and a period of 60 days to docket his appeal in the North Carolina Court of Appeals.

On 23 June 1970 plaintiff gave defendants notice of his intention to move that the judgment be set aside, on the grounds of newly discovered evidence, pursuant to Rules 59 and 60 of the New Rules of Civil Procedure. The newly discovered evidence upon which plaintiff relied consisted of certain tax receipts and tax records. Hearing on the motion was held, and on 1 July 1970 Judge Parker entered an order setting aside the judgment of dismissal dated 26 April 1970 and granting plaintiff a new trial.

Defendant State of North Carolina appealed from the order of 1 July 1970. This case is transferred for initial appellate review under an order made pursuant to G.S. 7A-31(b)(4).

*Attorney General Morgan and Staff Attorney Rafford E. Jones for the State of North Carolina, appellant.*

*Twiford and Abbott, by Russell E. Twiford, for plaintiff appellee.*

BRANCH, Justice.

The parties to this appeal do not present the question of whether the Superior Court had jurisdiction to enter the order of 1 July 1970.

[1] For many years it has been recognized that as a general rule an appeal takes the case out of the jurisdiction of the trial Court. In *Machine Co. v. Dixon*, 260 N.C. 732, 133 S.E. 2d 659, it was stated:

> "As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio*. '. . . (A) motion in the cause can only be entertained by the court where the cause is.' Exceptions to the general rule are: (1) notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned, (3) the settlement of the case on appeal.
>
>      . . . .
>
> " . . . The appeal removed the case to the Superior Court for all purposes, except the certification of a correct record. . . . "

Accord: *Pelaez v. Carland*, 268 N.C. 192, 150 S.E. 2d 201; *Hoke v. Greyhound Corp.*, 227 N.C. 374, 42 S.E. 2d 407; *Bank v. Twitty*, 13 N.C. 386.

Plaintiff made his motion to set aside the judgment pursuant to Rules 59 and 60 of the New Rules of Civil Procedure. We must therefore determine the effect of Rules 59 and 60 upon the above stated general rule as applied to the facts of this case. This presents a problem of first impression in this jurisdiction.

Wiggins v. Bunch

Rule 59 provides:

(a) Grounds.—A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds: . . . .

(4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;

(b) Time for motion.—A motion for a new trial shall be served not later than 10 days after entry of the judgment.

[2] Clearly Rule 59 does not apply to the facts of this case since the motion for new trial was not made within the period of time specified by that rule.

Thus, if plaintiff is entitled to any relief, it must be found in the provisions of Rule 60.

Rule 60(b) in part provides:

(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(6) . . . The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this section does not affect the finality of a judgment or suspend its operation. . . .

Pertinent parts of Federal Rule 60(b) provide:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . . .

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

. . . The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

The nearly identical provisions of our Rule 60(b) and Federal Rule 60(b) point to the Federal decisions for interpretation and enlightenment.

In the case of *Switzer v. Marzall*, 95 F. Supp. 721 (1951) the defendant filed a motion for a new trial and later gave notice of appeal. The appellate court, in holding that the defendant removed the case from the jurisdiction of the trial court when he appealed, stated:

The basic rule is that two courts cannot have jurisdiction of the same case at the same time, and that on perfecting of appeal the lower court is ousted of its jurisdiction. *Draper v. Davis*, 102 U.S. 370, 26 L. Ed. 121; *Keyser v. Farr*, 105 U.S. 265, 26 L. Ed. 1025; *Goldsmith v. Valentine*, 35 App. D.C. 299; *Lasier v. Lasier*, 47 App. D.C. 80.

. . . .

The question therefore narrows down to whether the principle has been modified by the 1948 amendments to the Federal Rules, particularly Rule 60(b).

Rule 60(b), as amended, provides that the court may relieve a party from a final judgment on the ground (among others) of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), that the motion shall be made not more than one year after the judgment was entered, and that such motion shall not affect the finality of a judgment or suspend its operation.

In *Daniels v. Goldberg*, D.C. 8 F.R.D. 580, 581, it is stated: "The amendments to the Rules specifically give to the district court power to act in certain instances after an appeal has been filed, Rules 60(a) and 73(a), *but none of these confer on a district court the power to vacate a judgment after an appeal has been filed*." (Emphasis ours.)

This question was considered and summarily treated in the case of *Norman v. Young*, 422 F. 2d 470 (1970). There the Court stated:

" . . . The record reflects that on April 11, 1969, all parties stipulated at defendants' request that the supplemental proceedings be continued over and set for hearing at the Court's convenience. April 18 was the date set and on that day, before arguing his 60(b) motion, defendants' lawyer filed a notice of appeal, taking the case out of the trial court's jurisdiction. There was no fault here with the trial judge."

In 7 J. Moore, FEDERAL PRACTICE, Par. 60:30(2), (2 ed., 1970), we find the following:

But the general rule is that when an appeal is taken from the district court the latter court is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court. Hence during the pendency of an appeal it is generally held that the district court is without power to grant relief under Rule 59; or to vacate, alter or amend the judgment under Rule 60(b), whether the 60(b) motion is made prior to or after the appeal is taken, except with permission of the appellate court.

Moore also points out that "(a) motion for relief under Rule 60(b) does not affect the finality of a judgment and hence does not toll the time for appeal from the final judgment. Correlatively, an appeal from the final judgment does not enlarge the time within which to move for relief under 60(b)." *Id.* Par. 60:30(1).

[3] The general rule set forth in *Machine Company v. Dixon, supra,* and *Pelaez v. Carland, supra,* is not changed by Rules 59 and 60 of the New Rules of Civil Procedure. Here, when the appeal was taken the trial court was divested of jurisdiction except to aid in certifying a correct record. Plaintiffs failed to move for a new trial in the appellate division within the time allowed by Rule 60(b).

The order of the trial court vacating the judgment of 28 April 1970 and granting a new trial on ground of newly discovered evidence is of no effect since it was entered after the trial court was divested of jurisdiction. The order is vacated.

Order vacated.