Boone v. Boone

---

DORIS LOVELACE BOONE, MARY ATKINS LOVELACE AND JOE
DAVID LOVELACE v. MARY BOONE

No. 7417DC763

(Filed 20 November 1974)

**1. Appeal and Error § 6— trial court's attempt to expunge appeal**

Trial court's order attempting to expunge defendant's appeal
from an interlocutory child custody order on the ground that no
appeal lay from such order was a nullity since it is for the
appellate court to determine whether the appeal is premature.

**2. Appeal and Error § 16— jurisdiction of trial court pending appeal**

While an appeal was pending from an interlocutory order award-
ing custody of children to plaintiffs, the trial court had no jurisdiction
to entertain plaintiff's motion in the cause to have defendant's coun-
sel appear and answer questions as to what information he had as
to the whereabouts of defendant and the children.

APPEAL by plaintiffs from *Clark, Judge,* 11 July 1974 Ses-
sion of District Court held in ROCKINGHAM County. Heard in
the Court of Appeals on 19 September 1974.

This is an appeal from an order of the district judge dis-
missing a motion in the cause on the grounds that the court
lacked jurisdiction to hear the same pending an appeal.

Plaintiffs, Doris Lovelace Boone (mother), Mary Atkins
Lovelace and Joe David Lovelace (maternal grandparents), in-
stituted this action to obtain custody of Gregory Thomas Boone,
age 7, Mark Todd Boone, age 5, and Mary Nicole Boone, age 9
months, from the defendant, Mary Boone (paternal grand-
mother). Pursuant to a hearing on the plaintiffs' motion for an
award of custody pending the final determination of the cause
of the merits, Judge Harris on 22 May 1974 entered an order
awarding custody of the children to the plaintiffs. Upon the
entry of this order, the defendant in open court gave notice of
appeal to the Court of Appeals. (The defendant's appeal from
the order dated 22 May 1974 was docketed in this court on
23 August 1974.)

On 25 May 1974 Judge Harris, after reciting that the
defendant could not appeal from the interlocutory order of
22 May 1974, entered an order which in pertinent part provides:

"Now, THEREFORE, IT IS ORDERED that the defendant's
entry of appeal be and is hereby stricken and expunged

from the record and that the Sheriff of Rockingham County be and is hereby directed to take control of the persons of Gregory Thomas Boone, Mark Todd Boone, and Mary Nicole Boone, and to deliver the said children into the general care, custody and control of the plaintiffs in accordance with the foregoing order."

On 27 June 1974, alleging that the plaintiffs had caused a warrant to be issued charging the defendant with abducting the children and that the Sheriff of Rockingham County had been unable to locate the defendant and that the defendant's attorney, Benjamin R. Wrenn, "undoubtedly *would have* pertinent information as to the whereabouts of the defendant" (emphasis ours), the plaintiffs filed a motion in the cause to have defendant's attorney appear before the court and give answers to specific questions as to what information he had, if any, as to the whereabouts of the defendant.

From an order of District Judge Clark dated 11 July 1974 (the motion having been set for hearing by order of Judge Harris dated 27 June 1974 before the judge presiding at the district court in Reidsville on 11 July 1974) dismissing the motion on the grounds that the court lacked jurisdiction to hear it pending the appeal, the plaintiffs appealed to this court.

*Gwyn, Gwyn & Morgan by Julius J. Gwyn for plaintiff appellants.*

*No counsel contra.*

HEDRICK, Judge.

[2]   Plaintiffs contend Judge Clark erred in refusing to entertain their motion to have defendant's counsel of record appear and answer questions as to what information he had as to the whereabouts of his client pending the appeal of the interlocutory order awarding custody of the children to the plaintiffs.

The general rule as to jurisdiction of the trial court after notice of appeal has been given and appeal entries filed has been explicitly stated by our Supreme Court. In *Wiggins v. Bunch,* 280 N.C. 106, 108, 184 S.E. 2d 879, 880 (1971), we find:

"For many years it has been recognized that as a general rule an appeal takes the case out of the jurisdiction of the trial court. In *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659, it was stated:

'As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio.* " . . . (A) motion in the cause can only be entertained by the court where the cause is." Exceptions to the general rule are: (1) notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned, (3) the settlement of the case on appeal . . . . ' "

See *Sink v. Easter* filed in the Court of Appeals on 16 October 1974.

[1] None of the exceptions to the general rule has any application in this case. There being no allegation or showing on the part of the plaintiffs that the defendant had abandoned her appeal, Judge Clark necessarily had to determine from the record presented to him whether an appeal was pending. The record before him showed on its face that the defendant in open court had given notice of appeal from Judge Harris' interlocutory order dated 22 May 1974. The trial court can neither allow nor refuse an appeal. *Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728 (1961) ; *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950) ; *Development Co. v. Phillips,* 3 N.C. App. 295, 164 S.E. 2d 516 (1968). Thus, Judge Harris' order dated 25 May 1974 attempting to expunge the notice of appeal was a nullity, and the defendant and Judge Clark were justified in disregarding it.

[2] Plaintiffs' contention that no appeal was taken from the order of 22 May 1974 was belied by the record presented to Judge Clark and the record docketed in this court in this proceeding. Furthermore, we take judicial notice of the fact that defendant's appeal from the order of 22 May 1974 was docketed in this court on 23 August 1974. Whether that appeal is premature is a matter to be determined by this court. Under the circumstances of this case, we find no reversible error in Judge Clark's refusal to entertain the plaintiffs' motion. See *Joyner v. Joyner,* 256 N.C. 588, 124 S.E. 2d 724 (1962) ; *Collins v. Collins,* 18 N.C. App. 45, 196 S.E. 2d 282 (1973).

Affirmed.

Judges BRITT and BALEY concur.