JIM WALTER HOMES, INC. v. WILLIE HERMAN PEARTREE

No. 742DC929

(Filed 5 February 1975)

**Appeal and Error § 16— grant of new trial while appeal pending**
        The trial court had no jurisdiction to enter an order granting defendant a new trial while an appeal of the cause was pending.

APPEAL by plaintiff from *Manning, Judge,* 6 May 1974 Session of District Court held in BEAUFORT County. Argued in Court of Appeals 22 January 1975.

Plaintiff instituted this action to recover balance allegedly due on a building contract. Defendant admitted the existence of the contract but counterclaimed, alleging defects in the building constructed by plaintiff. The case was scheduled for trial on 6 May 1974. On that date, counsel for defendant moved for a continuance based upon a doctor's letter stating that because of ill health, defendant would be unable to attend the trial on 6 May, but that he would be able to attend "any time after that date." The trial judge denied the motion for continuance, the case was tried before a jury who returned a verdict of $4,100

against the defendant, and on 7 May 1974 judgment was entered on the verdict.

On 16 May 1974 defendant filed a motion for a new trial and also filed notice of appeal from the judgment. On 23 May 1974, he posted bond staying execution of the judgment. On 25 July 1974, the trial judge entered an order granting defendant a new trial. From the order granting a new trial, plaintiff appealed.

*W. Faison Barnes for the plaintiff appellant.*

*John H. Harmon for the defendant appellee.*

BRITT, Judge.

Plaintiff's sole assignment of error is to the entry of the order granting a new trial. Plaintiff contends that the trial court did not have jurisdiction to enter the order since the case had been appealed to the Court of Appeals. We agree.

In *Wiggins v. Bunch,* 280 N.C. 106, 108, 184 S.E. 2d 879 (1971), we find:

> For many years it has been recognized that as a general rule an appeal takes the case out of the jurisdiction of the trial court. In *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659, it was stated:

> "As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio.* ' . . . (A) motion in the cause can only be entertained by the court where the cause is.' Exceptions to the general rule are: (1) notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned, (3) the settlement of the case on appeal."

The record in this case discloses that defendant gave notice of appeal on 16 May 1974 and on 23 May 1974 posted bond staying execution of the judgment. The appeal removed the case from the jurisdiction of the trial court unless one of the three exceptions stated above was applicable. It is clear that none of the exceptions applied. The cause was not *in fieri* on 25 July 1974,

the appeal had not been adjudged abandoned, and the order appealed from was not a settlement of the case on appeal.

For the reasons stated, the order awarding a new trial is

Vacated.

Chief Judge BROCK and Judge CLARK concur.