TERRY P. SMITH III, WILLIAM H. WADE, JR., AND LEO J. LISTER v. DONALD P. McCLURE, JR., AND VIVIAN McCLURE

No. 7510SC35

(Filed 2 April 1975)

1. Arrest and Bail § 11— arrest in civil action — bail bond — liability of surety

Plaintiffs were entitled to judgment against the surety on a bond given for the release of a defendant arrested in a civil action where plaintiffs recovered judgment against defendant, executions against the property and person of defendant were returned unsatisfied, the surety had not been exonerated by defendant's death, imprisonment or legal discharge, the surety had not surrendered defendant to the sheriff, and the surety was given ten days' notice of the proceeding against him.

2. **Arrest and Bail § 11 —bail bond in civil action — action against surety — laches**

   Plaintiffs in a proceeding against the surety on a bond given to obtain the release of a defendant arrested in a civil action were not guilty of laches where they proceeded against the bail bond within three years, the statutory period under G.S. 1-52(7), and no change in the relations of the parties resulted from the lapse of time.

3. **Arrest and Bail § 11— surety on bail bond — motions to vacate arrest, summary judgment — standing**

   The surety on a bail bond in a civil action had no standing to vacate the arrest of defendant or to move to vacate an order entering summary judgment against defendant.

APPEALS by surety from *Bailey, Judge.* Judgments entered 15 October 1974 and 14 November 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 19 March 1975.

Plaintiffs instituted this action on 8 February 1971 seeking to recover compensatory and punitive damages for the alleged fraudulent acts of defendants. On 2 April 1971 a default judgment was entered against defendant Vivian McClure. On 24 May 1971 plaintiffs moved pursuant to G.S. 1-410 for an order to arrest defendant Donald McClure. The order was issued, and McClure was arrested on 26 May 1971. William A. Glenn signed a $15,000.00 bond for his release. On 11 June 1971 McClure filed an answer in the cause, denying all material allegations.

On 7 February 1974 plaintiffs moved for summary judgment against McClure. Judgment granting the motion was entered on 26 June 1974. Execution against McClure's property was issued and returned in Wake County. Execution against his person was issued and returned undated, indicating that the Sheriff was unable to find McClure in Wake County.

On 26 August 1974 plaintiffs moved pursuant to G.S. 1-436 for judgment against the surety Glenn in the amount of the bond. From judgment for plaintiffs entered on 15 October 1974, Glenn appealed to this Court.

Subsequently, on 1 November 1974, Glenn moved under G.S. 1A-1, Rule 60, to vacate the order entering summary judgment against McClure and to stay the effect of the judgment against Glenn. On 5 November 1974 Glenn moved to vacate the order of arrest entered against McClure. The court held that the surety was not entitled to appeal the order of 26 June 1974 (summary judgment) and that, pending the surety's appeal from judgment

on .the bond, the court was without jurisdiction to entertain the motions. From judgment entered 13 November 1974, Glenn also appealed.

*Davis, Davis & Debnam, by W. Thurston Debnam, Jr., for plaintiff appellee.*

*Purser & Barrett, by George R. Barrett, for surety appellant.*

ARNOLD, Judge.

[1] The primary question presented by this appeal is whether plaintiffs were entitled to judgment against defendant's surety. In *Pickelsimer v. Glazener,* 173 N.C. 630, 636, 92 S.E. 700, 703 (1917), the North Carolina Supreme Court said:

> "Our statute provides that when an action is brought for the recovery of a debt contracted by fraud, and the jury find the fact of fraud, the plaintiff as creditor, may take judgment for his debt against the defendant, as his debtor, and execution shall then issue against the latter's property. If it is returned *"Nulla bona"* (no goods or chattels, etc.), and the defendant has given bail in the action, and is at large, an execution may issue against his person. If this writ is returned *"Non est inventus"* (not to be found, etc.), the plaintiff may then move, on ten days notice, for judgment against the bail. The latter may then answer and set up any defense open to them, such as death of the principal, a legal surrender of him, release or discharge of him or them, or any other matter which if found to exist, will entitle them to an exoneration."

*See* G.S., chap. 1, art. 34. The record shows, and the trial court found, the following: appellant Glenn executed a bond as surety for defendant McClure; plaintiffs recovered a judgment against McClure; executions against the property and person of McClure were issued and returned unsatisfied by the Sheriff of Wake County; Glenn had not been exonerated by McClure's death, imprisonment, or legal discharge; Glenn had not surrendered McClure to the Sheriff; and Glenn was given ten days' notice of the proceeding against him. These facts are clearly sufficient to support an order holding the surety liable.

[2] Appellant's contentions, that plaintiffs should first have attempted execution against both defendants and that plaintiffs

were guilty of laches, are without merit. Donald McClure was the only principal on whose undertaking Glenn was obligated. *See generally Jackson v. Hampton,* 32 N.C. 579 (1849). Plaintiffs proceeded against the bail within three years, the statutory period under G.S. 1-52(7), after obtaining judgment against the principal. No change in the relations between the parties resulted from the lapse of time. *See Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83 (1938). Glenn's interest was adequately protected and he was liable on the bond.

[3]  With respect to appellant's motions under Rule 60, we note that, as bail, Glenn had no standing to object to the arrest or summary judgment against the defendant. The surety is liable for any breach of the bail bond obligations. G.S. 1-436. The defendant may be legally discharged in several ways, including an order under G.S. 1-417 to vacate the arrest or a decision on the merits, and such discharge exonerates the bail. G.S. 1-433; 2 McIntosh, N. C. Practice 2d, § 2069. But the bail has no right other than to defend an action on the bond on grounds of legal discharge, death, surrender or imprisonment of the principal. *Id.* Moreover, the trial court correctly ruled that, pending the surety's appeal from judgment on the bond, it was without jurisdiction to entertain motions in the cause. *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971).

The orders from which the surety has appealed are affirmed.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.