Judges MARTIN and PARKER concur.

---

DENNIS MARTIN, ADMINISTRATOR OF THE ESTATE OF DAVID MARTIN, DECEASED. PLAINTIFF v. SOLON AUTOMATED SERVICES, INC.; INTERNATIONAL DRYER CORP.; UNITED TECHNOLOGIES CORP.; ESSEX GROUP, INC.; HAMILTON STANDARD CONTROLS, INC.; FENWAL CORP.; BLOUNT PETROLEUM CORP.; PARGAS OF FARMVILLE, N.C., INC.; REGINALD MORTON FOUNTAIN AND SAMUEL ANDERSON McCONKEY, D/B/A VILLAGE GREEN APARTMENTS, DEFENDANTS

ANNA DELL WATTS, PLAINTIFF v. SOLON AUTOMATED SERVICES, INC.; INTERNATIONAL DRYER CORP.; UNITED TECHNOLOGIES CORP.; ESSEX GROUP, INC.; HAMILTON STANDARD CONTROLS, INC.; FENWAL CORP.; BLOUNT PETROLEUM CORP.; PARGAS OF FARMVILLE, N.C., INC.; REGINALD MORTON FOUNTAIN AND SAMUEL ANDERSON Mc-CONKEY, D/B/A VILLAGE GREEN APARTMENTS, DEFENDANTS

Nos. 8610SC621 and 8610SC782

(Filed 3 February 1987)

**Bills of Discovery § 6— failure to comply with discovery order—sanctions—no abuse of discretion**

The trial court did not abuse its discretion in an action arising from an LP gas explosion at an apartment complex by ordering appellants' defenses stricken, the payment of plaintiffs' attorney fees, and that appellants supply further answers to interrogatories. It was clear that appellants were subject to the imposition of sanctions because they had been ordered to supply further answers to certain interrogatories by 22 August 1985; appellants did not even make an effort to provide answers until 9 January 1986, five days before appellants' motion for sanctions was scheduled to be heard; the sanctions imposed were somewhat severe, but were among those expressly authorized by

statute; and appellants' rights to due process and trial by jury were not denied. N.C.G.S. 1A-1, Rule 37.

Judge GREENE concurring.

APPEAL by defendants Essex Group, Inc., and Hamilton Standard Controls, Inc., from *Bailey, Judge.* Orders entered 16 January 1986 and 30 May 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 5 January 1987.

On 2 March 1983, an LP gas explosion at the Village Green Apartments in Greenville, North Carolina, destroyed a portion of an apartment building. David Martin was killed and Anna Watts was injured. Anna Watts and Dennis Martin, who is the administrator of David Martin's estate, as well as several other parties filed twenty-two lawsuits arising out of the explosion. On 15 June 1984, the present cases were consolidated with fifteen other cases for discovery purposes. Pursuant to the consent decree, plaintiffs filed several sets of interrogatories and requests for documents.

On 13 May 1985, plaintiffs moved to compel further answers to interrogatories. On 23 July 1985, Judge Bailey entered an order which, in pertinent part, directed appellants to provide additional answers to twelve interrogatories no later than 22 August 1985. No answers were forthcoming. On 6 November 1985 plaintiffs filed another motion to compel discovery and a motion for sanctions against appellants. Some answers were filed on 6 January 1986. Another motion to compel discovery and for sanctions was filed on 13 January 1986.

Unrecorded hearings were held on these motions on 14 January 1986, and on 16 January 1986, Judge Bailey entered an order in which he concluded that appellants had violated the provisions of his 23 July 1985 order, that they had violated the provisions of the Rules of Civil Procedure and the Consent Order and that there was no justification for their failure to comply. Based upon the findings and conclusions, the court ordered the defenses of appellants stricken, ordered the payment of attorney's fees to plaintiffs' counsel and ordered appellants to supply further answers to the interrogatories.

On 24 January 1986, appellants filed a "motion for reconsideration, amendment and relief from order." On 30 May 1986,

Judge Bailey entered an order denying this motion. From this order, appellants also gave notice of appeal. After the records were filed in these cases, appellants filed motions to consolidate and petitions for writ of certiorari to review the orders appealed from. The appellees filed a motion to dismiss the appeal. The motion to consolidate was allowed, and the petitions and the motion to dismiss were referred to the panel assigned to hear the proposed appeal in the cases.

*Rodman, Holscher, Francisco & Peck, P.A., by David C. Francisco and Edward N. Rodman; and Maupin Taylor Ellis & Adams, P.A., by Thomas W. H. Alexander, and Richard M. Lewis, for defendants, appellants.*

*Thorp, Fuller & Slifkin, P.A., by William L. Thorp, Anne R. Slifkin and Margaret E. Karr, for plaintiffs, appellees.*

*Taft, Taft & Haigler, by Thomas F. Taft, Kenneth E. Haigler and Robert H. Hochuli, Jr., for Amicus Curiae.*

HEDRICK, Chief Judge.

Defendants, Essex Group, Inc. [hereinafter Essex], and Hamilton Standard Controls, Inc. [hereinafter Hamilton], seek review of various interlocutory orders. In our discretion, we allow defendants' petitions to review the 16 January 1986 and the 30 May 1986 orders of Judge Bailey on their merits.

Appellants contend that the court's 16 January 1986 order imposing sanctions should be reversed for the following reasons: (a) because the order is based on findings and conclusions not supported by the record; (b) because the record does not support the court's finding that the appellants failed to provide complete discovery responses; (c) because the record does not support the court's conclusion that the appellants willfully violated the 23 July 1985 order; and (d) because the record does not support the court's finding that the appellants demonstrated an unwillingness to cooperate with other parties during discovery. Appellants also argue that the order should be reversed: (a) because the sanctions imposed were not just; (b) because the court failed to follow the appropriate legal standards; (c) because the court failed to consider alternative sanctions; and (d) because the severity of the sanction of striking the defenses of appellants was "grossly dis-

proportionate to the seriousness of any misconduct." Finally appellants contend that the order should be reversed because it violated their constitutional rights to due process and trial by jury. We disagree and affirm the trial court's orders.

G.S. 1A-1, Rule 37 in pertinent part provides:

(2) . . . If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under section (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f) a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

a. An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

b. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

c. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

d. In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

e. Where a party has failed to comply with an order under Rule 35(a) requiring him to produce another for examination, such orders as are listed in subdivisions a, b, and c of this subsection, unless the party failing to comply shows that he is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the

order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

It is clear from the record that appellants were dilatory and disobeyed the order of the trial court to provide further answers to the interrogatories. On 23 July 1985, Judge Bailey signed an order directing appellants to supply further answers to certain interrogatories by 22 August 1985. Appellants did not even make an effort to provide answers until 9 January 1986, five days before plaintiffs' motion for sanctions was scheduled to be heard. Thus, it is clear that appellants were subject to the imposition of sanctions for violation of the court's previous orders.

There is evidence in the record to support the trial court's findings of fact and these findings of fact support the court's conclusions of law. Thus, the only issue which we must determine is whether the sanctions imposed were proper. As we stated in *Telegraph Co. v. Griffin*, 39 N.C. App. 721, 727, 251 S.E. 2d 885, 888, *disc. rev. denied*, 297 N.C. 304, 254 S.E. 2d 921 (1979),

> . . . the discovery rules "should be constructed liberally" so as to substantially accomplish their purposes. *Willis v. Duke Power Co.*, 291 N.C. at 34, 229 S.E. 2d at 200. The administration of these rules lies necessarily within the province of the trial courts; Rule 37 allowing the trial court to impose sanctions is flexible, and a "broad discretion must be given to the trial judge with regard to sanctions." 8 Wright & Miller, *Federal Practice and Procedure: Civil* Sec. 2284, at 765 (1970). *See also* 4A Moore's Federal Practice, 37.03 [2.-7] (2d Ed. 1978).

Even though the sanctions imposed were somewhat severe, they were among those expressly authorized by the statute; thus, we cannot hold that they constitute an abuse of discretion absent specific evidence of injustice caused thereby. *First Citizens Bank v. Powell*, 58 N.C. App. 229, 292 S.E. 2d 731 (1982), *aff'd*, 307 N.C. 467, 298 S.E. 2d 386 (1983). We have reviewed appellants' contentions for evidence of injustice caused by Judge Bailey's order, and in view of the specific facts of this case we are unable to find any abuse of discretion in the trial court's actions. Finally, we conclude that the trial court's order did not deny appellants' right to

due process or trial by jury. In view of our holding that the 16 January 1986 order was properly entered we need not address appellants' arguments regarding errors allegedly made in ruling upon their motion to reconsider. All outstanding motions and petitions not specially allowed by this opinion are hereby denied. The orders dated 16 January 1986 and 30 May 1986 are hereby

Affirmed.

Judges JOHNSON and GREENE concur.

Judge GREENE concurring.

While I agree with the majority in substantially every respect, one conclusion of the majority merits elaboration. As the majority upholds the validity of Judge Bailey's sanctions order, it concludes it need not address any errors made in the disposition of defendants' "motion to reconsider." This conclusion, without more, incorrectly implies a valid sanctions order conclusively establishes the validity of an order denying the sanctions order's reconsideration. The majority fails to consider the principle that a change in circumstance after entry of an order may warrant modifying, setting aside or otherwise reconsidering even a valid order.

In his discretion, Judge Bailey imposed sanctions, struck defendant's defenses, but reserved damages for trial. Therefore, Judge Bailey's sanctions order was a discretionary interlocutory order. *See Stone v. Martin,* 69 N.C. App. 650, 653, 318 S.E. 2d 108, 110 (1984). After the sanctions order, defendants first moved to amend or set aside the order under North Carolina Rules of Civil Procedure 52(b) and 60(b). However, as the sanctions order was interlocutory, defendants' motion would not lie. N.C. Gen. Stat. Sec. 1A-1, Rules 52(b), 60(b); *see O'Neill v. Southern Nat. Bank,* 40 N.C. App. 227, 230-31, 252 S.E. 2d 231, 234 (1979). Defendants amended their motion to allege that "changed circumstances" required Judge Bailey's order be modified.

It is true that other judges could set aside or modify Judge Bailey's interlocutory order as a result of changed circumstances. *See State v. Duvall,* 304 N.C. 557, 562, 284 S.E. 2d 495, 499 (1981); *Calloway v. Ford Motor Co.,* 281 N.C. 496, 502, 189 S.E. 2d 484, 488 (1972); *Stone,* 69 N.C. App. at 652, 318 S.E. 2d at 110.

However, defendants argued Judge Bailey (not another judge) should modify the sanctions order if defendants showed "changed circumstances." As Judge Bailey originated the sanctions order, he would normally have complete discretion, irrespective of changed circumstances, to set aside or modify his order during the term at which the order was entered:

> "The general power of the court over its own judgments, orders and decrees in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable. Until the expiration of the term the orders and judgments of the court are *in fieri*, and the judge has power, in his discretion, to make such changes and modifications in them as he may deem wise and appropriate for the administration of justice. . . .

[Citations omitted] *Chriscoe v. Chriscoe*, 268 N.C. 554, 557, 151 S.E. 2d 33, 35 (1966) (quoting *State v. Godwin*, 210 N.C. 447, 449, 187 S.E. 560, 561 (1936) ). However, Judge Bailey entered his sanctions order on 16 January 1986 and heard the motion for reconsideration on 30 May 1986. As over four months passed after the sanctions order's entry, I assume the original term of the order had expired before Judge Bailey heard the reconsideration motion. Therefore, Judge Bailey no longer had complete discretion to modify his order. Instead, he was permitted to alter the order only upon "changed circumstances."[1] *See Stone*, 69 N.C. App. at 653, 318 S.E. 2d at 110-11.

---

1. I note the likelihood defendants' notice of appeal divested Judge Bailey of jurisdiction to set aside or modify his sanctions order. *See Wiggins v. Bunch*, 280 N.C. 106, 108, 184 S.E. 2d 879, 880 (1971). However, there are two pertinent exceptions to the general rule that a pending appeal divests the trial court of jurisdiction to enter subsequent orders: (1) notwithstanding the appeal, the trial court can modify or set aside its order during the term at which the order is entered; (2) the trial judge may adjudge the appeal abandoned and thereby re-vest himself with jurisdiction. *Id.* As noted above, the "term" exception is not applicable since the term had expired. However, as the jurisdiction issue has been raised by neither party and as the record does not reflect the facts necessary to determine abandonment, I do not address the question whether Judge Bailey had jurisdiction to hear motions for reconsideration made after defendants had given notice of appeal. As defendants' motion for reconsideration was originally brought under Rules 52(b) and 60(b), I note notice of appeal does not divest the trial court's jurisdiction to entertain motions to amend findings under Rule 52(b). *Parrish v. Cole*, 38 N.C. App. 691, 248 S.E. 2d 878 (1978). However, notice of appeal does divest the trial court of jurisdiction to hear motions under Rule 60(b). *Wiggins*, 280 N.C. at 110-11, 184 S.E. 2d at 881-82.

I would hold Judge Bailey did not abuse his discretion in ruling no changed circumstances warranted modification of his sanctions order. The only changed circumstance offered by defendants was their beleaguered "compliance" with Judge Bailey's discovery and sanctions orders after Judge Bailey struck their defenses: this evidence demonstrates a change of heart, not circumstance.

The "changed circumstances" upheld in *Stone* are relevant to this case. In *Stone*, a trial judge had entered sanctions under Rule 37 and struck the defendants' answer. Defendants had refused to answer discovery requests based on their reasonable interpretation of existing case law. After sanctions were imposed, appellate decisions subsequently restricted the scope of defendant's alleged privilege. Coupled with the defendant's willingness to comply after these adverse decisions, the change in law was deemed a significantly changed circumstance. 69 N.C. App. at 653, 318 S.E. 2d at 111.

The "changed" circumstances in the instant case do not rise to the level upheld by this Court in *Stone*. The defendants in *Stone* stood willing to comply with discovery as the result of a changed circumstance, the change in law. Defendants here argue their alleged willingness to comply is itself the changed circumstance. Such an interpretation invites improper manipulation of the "changed circumstances" standard. To strike Judge Bailey's sanctions simply because defendants belatedly make effort to comply would reward their delay of discovery. This defeats the purpose of sanctions under N.C.R. Civ. P. 37(b). Therefore, Judge Bailey had ample discretion to rule no legally significant circumstances had changed.

Accordingly, though I believe the majority should have considered the disposition of defendants' motion for reconsideration, I concur in the result as I find no error in Judge Bailey's disposition.