Carter v. Clements Walker PLLC, 2015 NCBC 16.

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
08 CVS 4333

RONALD CARTER,

        Plaintiff,

    v.

CLEMENTS WALKER PLLC;
F. RHETT BROCKINGTON; and
RALPH H. DOUGHERTY;

        Defendants.

**ORDER AND OPINION**

{1}    THIS MATTER is before the Court on (1) Defendants' Motion to Dismiss Plaintiff's Appeal of April 30, 2014 Order ("Second Motion to Dismiss"), and (2) Plaintiff's Motion for Relief from Order ("Motion for Relief"). For the reasons expressed below, the Court determines that (1) Defendants' Second Motion to Dismiss is GRANTED, and (2) the Court is without jurisdiction to consider Plaintiff's Motion for Relief, but, alternatively, if the Court has jurisdiction to resolve that motion, the Motion for Relief should be DENIED.

    *Harrington Law, P.C. by James M. Harrington for Plaintiff Ronald Carter.*

    *Poyner & Spruill LLP by Cynthia L. Van Horne and E. Fitzgerald Parnell, III for Defendants Clements Walker PLLC and F. Rhett Brockington.*

    *James, McElroy & Diehl, P.A. by John S. Arrowood for Defendant Ralph M. Dougherty.*

Gale, Chief Judge.

## I.    RELEVANT PROCEDURAL HISTORY

{2}    Certain claims were remanded on May 7, 2013, for further consideration after an appeal was initiated in 2012. On January 10, 2014, the Court entered an Order and Opinion on several motions, granting Defendants' Motion for Summary Judgment on all pending claims.

{3}     Plaintiff electronically filed a Notice of Appeal of the January 10, 2014 Order on February 10, 2014. On February 11, 2014, Defendants moved to dismiss that appeal ("First Motion to Dismiss"), contending that the notice was untimely filed in violation of the requirements of the North Carolina Rules of Appellate Procedure ("Appellate Rule(s)").

{4}     By Order entered on April 30, 2014, the Court granted the First Motion to Dismiss and dismissed the appeal. The Court does not here repeat its reasoning, which was fully delineated in the April 30, 2014 Order.

{5}     On May 30, 2014, Plaintiff filed with the Court a Notice of Appeal of the April 30, 2014 Order using the Court's electronic filing system. Plaintiff later filed a written copy with the Mecklenburg County Clerk of Superior Court's Office on June 6, 2014.

{6}     On July 29, 2014, Defendants filed the current Second Motion to Dismiss, claiming that this new Notice of Appeal was also untimely filed for reasons described below.

{7}     On August 25, 2014, Plaintiff filed his Motion for Relief, requesting that the Court modify its April 30, 2014 Order.

{8}     The record on appeal has not yet been settled, the appeal has not been docketed in the North Carolina Court of Appeals, and the pending motions have been fully briefed and are ripe for disposition by this Court.

## II.     THE PARTIES' POSITIONS ON THE MOTIONS

### 1. Defendants' Second Motion to Dismiss

{9}     Defendants rely on this Court's recent decision in *Ehrenhaus v. Baker* for the proposition that a party appealing an order must file its notice of appeal with the clerk of superior court in the county of the case's origin within the thirty days prescribed by Appellate Rule 3, and that an electronic filing is ineffective without a timely, separate, paper filing with the clerk of court. 2014 NCBC LEXIS 30, at *4–6 (N.C. Super. Ct. July 16, 2014); *see also* N.C. R. App. P. 3(a), (c)

(requiring, *inter alia*, appeals to be initiated by a notice of appeal filed with the clerk of superior court within thirty days of the entry of judgment).  Plaintiff filed his Notice of Appeal with the Mecklenburg County Clerk of Superior Court's Office ("the Clerk") thirty-seven days after the entry of the April 30, 2014 Order.[1]

{10}     Plaintiff argues against a strict construction of the Appellate Rules and that the Court should instead evaluate the timeliness of his filing by applying the North Carolina Rules of Civil Procedure ("Civil Rules").  He argues that the Civil Rules, properly construed, allow a judge to permit papers to be first filed with the trial court, fixing the filing date as of that time, and then the filing may be transmitted to the clerk of court after the time that would otherwise be required by Appellate Rule 3.  *See* N.C. R. Civ. P. 5(e)(1).  Plaintiff further advances a policy argument that this Court's encouragement of online filing should preclude strict application of Appellate Rule 3.

### 2. Plaintiff's Motion for Relief

{11}     Plaintiff asks the Court to revisit its April 30, 2014 Order dismissing his first appeal.  His central argument is that the April 30, 2014 Order should not be deemed to have been entered, so as to become appealable, until it had been filed and docketed in proper form with the Clerk.  Plaintiff claims that the Court's summary judgment order was therefore not filed on January 10, 2014, when it was posted electronically, but on January 21, 2014, when the Clerk received a written order.  He then asserts that, as a result, his Notice of Appeal was timely filed on February 19, 2014.  He relies on Civil Rule 58, which provides that a judgment is effective when it is "reduced to writing, signed by the judge, and filed with the clerk of court." (Mem. Law Supp. Mot. Relief Order 3 (quoting N.C. R. Civ. P. 58).)

{12}     Defendants contend that this Court has no jurisdiction to consider the Motion for Relief, which was filed after the Notice of Appeal, pursuant to the

---

[1] This was also seven days after Plaintiff made the electronic filing.  Rule 8.1 of the local rules of this Court requires that all documents electronically filed with this Court shall also be filed with the appropriate Clerk of Superior Court within five days of the electronic filing.

principles expressed in *Wiggins v. Bunch*, 280 N.C. 106, 108, 184 S.E.2d 879, 880 (1971) (citing *American Floor Machine Co. v. Dixon*, 260 N.C. 732, 735–36; 133 S.E.2d 659, 662 (1963)).

## III.   ANALYSIS

### 1.   Defendants' Second Motion to Dismiss

{13}   Plaintiff makes no reasoned argument that his Notice of Appeal satisfies the actual language of Appellate Rule 3(c), and thus that Appellate Rule 25(a), which allows dismissal of an untimely appeal, does not apply.  N.C. R. App. P. 25(a).  He instead argues that a reading of Appellate Rules 3 and 25 need not be strict, but that they can and should be applied in harmony with Civil Rule 5.  He argues that because the Superior Court had jurisdiction over the case at the time of filing of the Notice of Appeal, filing with the Court, instead of with the clerk of court, is proper under Civil Rule 5 and satisfies Appellate Rule 3.

{14}   The Court does not believe it has the authority to accept Plaintiff's invitation not to strictly apply the plain language of the Appellate Rules.  The merit of Plaintiff's argument in that regard must instead be addressed by the North Carolina Court of Appeals.

{15}   The Court concludes that this matter is resolved by this Court's holding in *Ehrenhaus*.  *See* 2014 NCBC LEXIS 30, at *10–11 (holding that a strict construction of Appellate Rule 3 requires dismissal of an untimely notice of appeal).

{16}   Accordingly, Defendants' Second Motion to Dismiss is GRANTED and Plaintiff's appeal of the April 30, 2014 Order is DISMISSED.

### 2.   Plaintiff's Motion for Relief

{17}   In *American Floor Machine Co.*, the North Carolina Supreme Court stated the general rule that "an appeal takes a case out of the jurisdiction of the trial court.  Thereafter, pending the appeal, the judge is *functus officio*."  260 N.C. at 735, 133 S.E.2d at 662.  This holding has been consistently upheld.  *See, e.g.*, *Brown v. Hodge Motor Co.*, 292 N.C. 633, 635, 234 S.E.2d 748, 749 (1977); *Whitfield*

*v. Todd*, 116 N.C. App. 335, 337, 447 S.E.2d 796, 797 (1994); *Estrada v. Jacques*, 70 N.C. App. 627, 637, 321 S.E.2d 240, 247 (1984). Plaintiff has not argued that he meets any exceptions to this rule.

{18} Plaintiff's Motion for Relief was filed after Plaintiff's Notice of Appeal and at a time when the Court was without jurisdiction and was *functus officio*. Therefore, that motion is not properly before the Court.[2]

{19} Alternatively, to the extent Plaintiff might argue that the Motion for Relief has become proper and that the Court has obtained jurisdiction by dismissing the appeal—a position the Court believes is incorrect—the Court, after considering the respective arguments and exercising its discretion pursuant to Civil Rule 60, would and does hereby DENY the Motion for Relief.

IT IS SO ORDERED, this 25th day of February, 2015.

---

[2] Plaintiff's alternative argument as to the proper date of the Court's filing of its summary judgment order is also unavailing, as Business Court Rule 6.11 provides that the Court's order was effective when filed electronically, and that issuance of the Notice of Entry by the system constitutes proper service of the order for purposes of Civil Rule 58.